**UNITED STATES v. DAILY.**

No. 8301.

Circuit Court of Appeals, Seventh Circuit.
Nov. 17, 1943.

Rehearing Denied Jan. 5, 1944.

Frank T. Jordan, of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., and Francis J. McGreal and John Owen, Asst. U. S. Attys., all of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The defendant-appellant was charged by way of indictment with the violation of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix § 301 et seq., in that he did not report for induction when ordered to do so. The indictment charged the offense in the following words: "* * * that Frank Richard Daily, late of the City of Chicago, State of Illinois, in the division and district aforesaid, on, to-wit, the 19th day of November, 1942, in said division and district, being then and there a person charged with the duty of complying with the provisions of the Selective Training and Service Act of 1940, and the rules and regulations thereunder, did unlawfully, knowingly, willfully, and feloniously fail and neglect to perform a certain duty which he then and there was required to perform by the provisions of the Selective Training Act of 1940, and the rules and regulations thereunder, which said duty the said defendant did then and there unlawfully, knowingly, willfully, and feloniously fail and neglect to perform was the duty of reporting for induction. * * *"

The defendant filed a motion to quash the indictment. He accompanied the motion with a petition for a writ of certiorari to bring up the record of the Selective Service Board No. 2 of DeKalb County, Illinois, which had jurisdiction of the defendant, and for the quashing of this record and the indictment; and that in the alternative a subpoena duces tecum be issued to produce the Board's file. The purpose of this petition was to present to the court below, as reasons why the indictment should be quashed, that the defendant had been improperly classified by the Board, as he claimed to be a minister, and the Board had not so classified him; and he sought to raise the question of the Board's right to so classify him.

The motion to quash was overruled, and the case proceeded to trial. A verdict of guilty was returned by the jury, and upon this verdict judgment was rendered. From this judgment the defendant has appealed.

The defendant contends that the indictment was insufficient; that the court committed error in limiting his inquiry on the voir dire; that he was unduly limited in his proof; and that the court unduly narrowed and restricted the issues by its instructions.

As to the validity of the indictment, the defendant has abandoned the ground urged in the court below and has taken the position here that the indictment does not state an offense for the reason that it charges the offense in the general terms of the statute, and since the statute defines the offense by the use of generic terms, such as the word "duty," that the indictment must allege what the "duty" was.

We think the indictment, which charged the offense in the words of the statute, sufficiently alleged the duty, namely, to report for induction. No bill of particulars was requested, and the defendant went to trial. The record fails to show that the defendant was misled, surprised, or prejudiced by reason of the indefinite terms of the indictment.

We have quite recently held in this court that where an indictment charges the offense in the general terms of the statute, the statute in defining the offense uses generic terms such as the word "duty," and the indictment in general terms alleges what the duty is; and the shortcomings of such indictment consist in its indefiniteness; and where no bill of particulars has been demanded; and there has been no showing of surprise or prejudice on the part of the defendant, it is our duty to hold that the indictment is sufficient to support a verdict of guilty. United States v. Mroz, 7 Cir., 136 F.2d 221; United States v. Wernecke, 7 Cir., 138 F.2d 561, decided November 5, 1943; 18 U.S.C.A. § 556. On the authority of these cases, we hold the indictment to be sufficient.

The defendant complains of the court's action in limiting him in his inquiry directed to the venire on the voir dire. The defendant is a Jehovah's Witness, and he sought to inquire as to the religious beliefs of the members of the venire, and their knowledge and understanding of how a minister of the Jehovah's Witnesses is ordained or made.

The court took the position that the issue before the court was whether or not

the Draft Board had issued an order for the defendant's induction, and whether the defendant had received it and had failed to report as therein ordered; and that the defendant's religion, whether or not he was a minister, and the manner in which his particular religious sect or creed ordained its ministers were not issues before the court, and were not matters that the jury could properly be examined upon. The court did rule, however, that the defendant had the right to inquire of the venire whether any of them entertained any prejudice against one who was a member of the Jehovah's Witnesses.

■ The defendant is entitled to be tried by an unprejudiced and legally qualified jury. The range of inquiry in the endeavor to impanel such a jury should be liberal, and such range is always a matter within the discretion of the trial court. It is the duty of the trial court to see that upon such inquiry, no collateral or unrelated issue is brought into the case. We agree with the trial court that the defendant's religion and whether or not he was a minister regularly ordained by his creed or sect were not a matter that was in issue before the court, and it was not proper to inquire of the venire about its views as to an issue that was foreign to the issues for trial. The court very properly confined the inquiry to the issues to be tried by the jury, with the additional right of the defendant to inquire as to the prejudice of any venireman against the defendant that might arise out of the fact that the defendant was a Jehovah's Witness.

In our opinion, the court did not abuse its discretion in limiting in the manner in which it did the defendant's inquiry upon the voir dire.

■ The defendant complained because the court would not order up the proceedings of the Draft Board so that the defendant might show to the jury how he was classified erroneously as a conscientious objector when he should have been classified as a minister, as the defendant contends.

The court committed no error in this regard. To have permitted such acts would have amounted to a collateral attack upon the proceedings of the Draft Board. The District Court has no authority to review the proceedings of the Draft Board. United States v. Mroz, 7 Cir., 136 F.2d 221; United States v. Bowles, 3 Cir., 131 F.2d 818. It certainly may not permit the proceedings of the Draft Board to be collaterally attacked and submitted to a jury in a criminal case for review.

■ Finally, the defendant complains because the court in its instructions confined the issue to whether or not the Draft Board had made a valid order, whether notice thereof was received by the defendant, and whether he reported as ordered. As we have held, the court properly confined the issues of fact to this question; therefore, there was no error in instructing the jury as to the law applicable to those facts, and in refusing to instruct as to an issue of fact which had been properly excluded from the jury.

■ Furthermore, the defendant reserved no proper exception to the court's instructions. At the conclusion of the instructions, the court, out of the presence of the jury, gave the defendant's counsel an opportunity to object to the instructions. The defendant had tendered many written instructions, which the court did not give. Counsel's objection was: "I contend that they should have been all read to the jury and they were not read."

Such a general objection presented nothing for the District Court to rule upon. In order to save any question, the objection must indicate to the court wherein some instruction given was erroneous, or some omission to instruct was improperly made. No question is presented where the objection is generally to what the court did or did not do. The objection must specifically point the court to its supposed error. Silkworth v. United States, 2 Cir., 10 F. 2d 711, 721.

We find no error in the record, and the judgment of the District Court is affirmed.