Ernest SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

Beatrice K. BROWN, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 7721, 7722.

United States Court of Appeals Fourth Circuit.

Argued Oct. 7, 1958.

Decided Dec. 16, 1958.

L. W. Holt, Norfolk, Va., for appellants.

John M. Hollis, Asst. U. S. Atty., Norfolk, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HARRY E. WATKINS, District Judge.

PER CURIAM.

The appellants were convicted in separate jury trials of forging and uttering government checks. The District Court denied a motion to appeal in forma pauperis, but leave was given by this Court to proceed in forma pauperis and the cases were heard here on their merits. Because a single issue is involved in each case, they were heard together.

The appellants are each Negroes. At their respective trials in June, 1958, at Norfolk, Virginia, counsel for Appellant Brown asked prospective jurors on the voir dire examination the following question: "Are there any members of the jury panel who are a member of any organizations dedicated toward racial hate, such as the Ku Klux Klan, White Citizen's Council, or similar organiza-

---

1. Cf. Caldarola v. Eckert, 332 U.S. 155, 158, 67 S.Ct. 1569, 91 L.Ed. 1968.

tions?" The same lawyer at the trial of Appellant Smith asked prospective jurors on their voir dire examination the question: "Is there anybody on the jury panel who is a member of the White Citizen's Council, Defenders of State Sovereignty, or any similar organization?" The Court would not permit the prospective jurors to answer either question. Instead, the Court asked the general question as to whether any juror was sensible to any bias or prejudice which would, in any way, prevent such juror from giving to both the United States and the defendant a fair and impartial trial and a true verdict render according to the law and evidence. The failure of the trial Court to permit prospective jurors to answer the specific question as to membership in these organizations is assigned as reversible error.

The government says that the trial judge has a broad discretion in questions permitted on voir dire examination, and that the general question as to prejudice was sufficient. The appellants say that they are entitled to know the specific facts relating to membership in these organizations in order to intelligently exercise their peremptory challenges, and that the general question as to whether the juror believes himself to be prejudiced is not sufficient; and that the right to challenge would be empty if the right to question as to material facts is abridged.

We think that the learned judge should have permitted the jurors to disclose whether they were members of these organizations and that it was reversible error to refuse to do so. Refusal to permit questions on voir dire examination, asked in good faith, as to membership in the Ku Klux Klan has been held to be reversible error in a long line of cases which are collected in 31 A.L.R. 411; 158 A.L.R. 1362; and 54 A.L.R.2d 1211.

If the questions were not properly framed, the Court could have amended them so as to elicit the desired information as to membership in these organizations.

We see no merit in other assignments of error. The judgment in each case is reversed and each case is remanded to the District Court for further proceedings.

Reversed and remanded.