**Donald V. SELLERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14632.**

United States Court of Appeals District of Columbia Circuit.

Argued July 7, 1959.

Decided Sept. 17, 1959.

Wilbur K. Miller, Circuit Judge, dissented.

———◆———

Mr. Josiah Lyman, Washington, D. C., for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. John W. Warner, Jr., Asst.

U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant was convicted of violation of statutes relating to marihuana [1] and dangerous drugs.[2] His conviction was based upon the testimony of an undercover police officer who had befriended him.

■ One of the many allegations of error relates to the voir dire upon which the court alone interrogated the jurors. At the conclusion of its examination, defense counsel requested the court to ask whether "any of the jurors [are] inclined to give more weight to the testimony of a police officer *merely because he is a police officer* than any other witness in the case?" (Emphasis supplied.) The court denied the request. We hold this is reversible error requiring a new trial.

■ A trial court's "broad discretion as to the questions to be asked" on voir dire is "subject to the essential demands of fairness." Aldridge v. United States, 1931, 283 U.S. 308, 310, 51 S.Ct. 470, 471, 75 L.Ed. 1054. In the recent case of Chavez v. United States, 10 Cir., 1958, 258 F.2d 816, 819, certiorari denied sub nom. Tenorio v. United States, 1959, 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577, it was pointed out that a "defendant cannot be fairly tried by a juror who would be inclined to give unqualified credence to a law enforcement officer *simply because he is an officer.*" [3]

In the present case the Government concedes that the voir dire had by no means been unduly protracted. The police officer's testimony was virtually the

---

1. Int.Rev.Code of 1954, §§ 4742(a) and 4744(a), 26 U.S.C.A. §§ 4742(a), 4744(a).

2. D.C.Code § 33–702 (Supp. VII, 1959).

3. The Court of Appeals upheld the trial court's refusal to ask to jurors "Would any of you place a greater amount of weight upon the testimony of law enforcement officers over that of the defendants?" Since this question did not ask whether the law enforcement officer's testimony would be given greater weight *"simply because he is an officer"* it represented an attempt to determine in advance of trial whether a juror would believe the testimony of one witness rather than another, and therefore was improper. Accord, Frederick v. United States, 9 Cir., 1947, 163 F.2d 537, 550.

entire case for the prosecution. In these circumstances, the refusal to question the jurors in accordance with defense counsel's request constituted an abuse of discretion.

Since the other questions raised on this appeal may not recur in a new trial, we do not consider them.

Reversed and remanded.

WILBUR K. MILLER, Circuit Judge, dissents.