[Crim. No. 8255. Second Dist., Div. Two. April 28, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. HENRY RIZZO CONTRERAS, Defendant and Appellant.

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

John G. Barnes, Jr., under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Woodruff J. Deem, District Attorney, Edwin M. Osborne, Chief Criminal Deputy District Attorney, and Edwin L. Laing, Deputy District Attorney, for Plaintiff and Respondent.

ROTH, J.—Appellant was convicted by a jury of violating Health and Safety Code, section 11503 (furnishing of substance other than narcotic after having agreed to furnish narcotic).

On August 3, 1961, an undercover narcotics agent, together with an informer named Perez, approached appellant who was sitting in a car with two other occupants, for the expressly stated purpose of buying narcotics and as a consequence of that encounter, appellant agreed to a sale to the undercover agent, but at a different time and place. Approximately 35 minutes later, the transaction was consummated. The substance sold was not a narcotic.

Perez was not called as a witness by or for the prosecution, he was called by appellant who knew about his connection with the undercover agent, and appellant had Perez testify to this connection in detail. Perez thereafter testified, among other things, that he was with the undercover agent and had signaled the car in which appellant was sitting for the purpose of buying narcotics unlawfully. Appellant at this pointed stated, "this witness is obviously adverse and at this time the defense claims surprise and damage ... ." Appellant then attempted to impeach Perez by introducing his testimony from the preliminary hearing which was contradictory to his testimony on the stand. The People objected and the court resolved the matter by ruling:

THE COURT: ... "I still don't think there's legal surprise there, but ... I am going to give you a lot of latitude. ... You can take that [testimony at preliminary hearing] up question by question and ask him did you or didn't you."

On cross-examination, the deputy district attorney, with no objection from appellant, asked the following questions:

"Q. What does it mean to say you're going to burn someone?

"A. You're going to take his money and you're not going to give him anything in return.

"Q. In other words, you're going to sell him turkey, or a non-narcotic, isn't that true?

"A. Yes, sir.

"Q. Now, isn't it true that Mr. Contreras asked you if it was all right if he burned Agent Orosco?

A. Yes, sir.

". . . . . . . . . . . . . . . . .

"Q. And you told Agent Orosco, didn't you, that you felt that this sale might be a burn, or a sale of non-narcotics?

"A. Yes, sir.

"Q. This was after the sale had been completed, was it?

"A. I don't remember, if it was after or before."

Under section 11503 of the Health and Safety Code, the law requires a showing of specific intent to furnish a substitute nonnarcotic for a narcotic. Appellant contends that the court erred in admitting testimony of Perez on cross-examination, showing such intent because it was elicited after the prosecution had completed the presentation of its case in chief.

 The tactic of withholding with calculation a vital part of the People's case in chief for use in rebuttal, is frowned upon and will, under certain circumstances, be considered prejudicial error. (*People* v. *Carter*, 48 Cal.2d 737 [312 P.2d 665]; *People* v. *Rodriguez*, 58 Cal.App.2d 415 [136 P.2d 626].)

 In the case at bar Perez was called by appellant with full knowledge of who he was and what he had testified to at the preliminary hearing. The questions which were asked of Perez on cross-examination by the People were proper. (*People* v. *Dotson*, 46 Cal.2d 891 [299 P.2d 875]; *People* v. *Whitehead*, 113 Cal.App.2d 43 [247 P.2d 717].)

 The rule enunciated in *Carter* and *Rodriguez*, (*supra*) does not apply to the situation where the evidence is presented on cross-examination. In *Carter*, the prosecution attempted to introduce testimony on rebuttal that should

03

have been introduced in its case in chief. The court held the evidence to be crucial, and that the prosecution had not justified its change in the order of proof. In *Rodriguez,* the court in dicta and speaking in respect of a different factual situation held it prejudicial for the prosecution to hold back evidence for use on *rebuttal* instead of in its case in chief.

The reason for the application of this rule almost ceases when the defense calls a witness and on proper cross-examination the prosecution brings out theretofore undisclosed evidence. To apply the so-called ''red-cap'' rule to the facts here would be an unjustifiable limitation on an adversary's right to cross-examine and cannot be sustained. (*People* v. *Williams,* 164 Cal.App.2d 285 [330 P.2d 942].)

Wholly aside from the merits of appellant's position it should be added that his failure to object on proper grounds at any time to the testimony here complained of during the trial is fatal on appeal. (*People* v. *Rosoto,* 58 Cal.2d 304, 343 [23 Cal.Rptr. 779, 373 P.2d 867]; *People* v. *Wein,* 50 Cal.2d 383, 407 [326 P.2d 457].)

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.