**UNITED STATES of America**
v.
**James NAPOLEONE, Appellant.**
**No. 15127.**

United States Court of Appeals
Third Circuit.

Argued May 4, 1965.
Decided Aug. 2, 1965.

Gilbert J. Helwig, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

Sebastian C. Pugliese, Jr., Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., on the brief), for appellee.

Before KALODNER, HASTIE and FREEDMAN, Circuit Judges.

KALODNER, Circuit Judge.

Following a jury trial, the defendant-appellant was found guilty of falsely pretending to be an investigator of the Veterans Administration, in contravention of Section 912, 18 U.S.C.A.[1]

He prosecutes this appeal on these grounds: (1) the evidence was insufficient to support the jury's verdict, and (2) the court below erred in refusing to propound certain requested questions to the veniremen on the *voir dire* examination.

The government's testimony may be summarized as follows:

The defendant was an investigator employed by the Retail Credit Company at its Pittsburgh, Pennsylvania branch; in March, 1964 his employer was commissioned to investigate an accident in which a railroad employee, one John G. Fullerton, was injured, and he was assigned to the task; he called at the Fullerton home on March 25th and told Mrs. Fullerton that he was an "investigator from the Veterans Administration"; Fullerton was not at home at the time; on March 27th he called again when Fullerton was at home; he told Fullerton "I am the man from the Veterans Administration—there is some mix-up in the records down at the Veterans Administration—we want to get them straightened out."; he

---

1. Section 912 provides in relevant part: "Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, documents, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both." June 25, 1948, c. 645, 62 Stat. 742.

questioned Fullerton concerning his service record; Fullerton's suspicions were aroused and he asked the defendant to show his credentials; the defendant then produced a card identifying him as an employee of the Retail Credit Association; the Veterans Administration had not employed the defendant or his employer to investigate Fullerton; and, the defendant later admitted to an F.B.I. agent that when he spoke to the Fullertons "he had intended the impression to exist that he was conducting an investigation for the Veterans Administration."

The defendant testified that he was instructed by his employer to make a "pretext" investigation, viz., to represent himself as an employee of Retail Credit Company but "to let Mr. Fullerton or Mrs. Fullerton believe that the report could be going to the Veterans Administration", and that he was making an investigation "in behalf of the Veterans Administration"; that he carried out his instructions to the letter and did not say that he was "an employee of the Veterans Administration" or "an investigator from the Veterans Administration". Other defense witnesses testified that the Retail Credit Company had been commissioned on numerous prior occasions to conduct investigations on behalf of the Veterans Administration and its investigators had been instructed not to represent themselves as employees of the Administration; that "a pretext interview is one which we try to conceal the identity of the purpose of our investigation or for whom we are conducting our investigation, or sometimes both".

What has been said bears upon the issues presented on this appeal, viz., alleged insufficiency of the evidence and erroneous denial to put two requested questions to the veniremen on the *voir dire*.

First, as to the issue of sufficiency of the evidence:

The sum of the defendant's contention on this issue is that the evidence failed to establish, beyond a reasonable doubt, that the defendant had "with criminal intent falsely represented that he was an employee of the Government"; there was no evidence that the defendant had "expressly represented that he was an employee of the Veterans Administration"; and the evidence "at most" supported a finding that the defendant "had represented that he was an investigator from the Veterans Administration."

We do not subscribe to the defendant's contention.

■ The government's testimony that the defendant had told the Fullertons that he was an "investigator from the Veterans Administration", and "I am the man from the Veterans Administration", when he was in fact not an employee of the Administration, or "from" it, was sufficient to support the jury's verdict that he had "falsely" pretended to be "an employee acting under the authority of" the Veterans Administration. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); see also Bolen v. United States, 303 F.2d 870, 874 (9 Cir. 1962).

Coming now to the second issue—did the court below err in refusing to put two requested questions, or their substance, to the veniremen on the *voir dire* examination?

The "Request for Interrogation of Jury"[2] reads as follows:

"Defendant respectfully requests that each member of the panel sum-

---

2. In the District Court for the Western District of Pennsylvania, its Clerk, in consonance with a local Rule, conducts the examination of the veniremen out of the presence of the Court. The Clerk asks only six questions listed in the local Rule, and such other questions as the Court, upon application, may permit. The six questions concern the veniremen's acquaintance with the parties or their counsel, etc., and in criminal cases, as to whether the veniremen or any member of their families are employed by the United States or any of its agencies. Another local Rule restricts independent examination of the jury panel by counsel.

The defendant, who was present along with his counsel at the time of the *voir dire*, subsequently signed a waiver with respect to its conduct, reserving, however,

moned for interrogation as a prospective juror be asked substantially the following questions:

"1. If the testimony in this case discloses that the defendant, a private investigator, engaged in what are known as 'pretext' investigations, in which, acting pursuant to his employer's instructions, he concealed the true identity of the Company in whose behalf the investigation was being made, misleading the person he was interrogating, if necessary, to effectuate the concealment, would you feel that such misrepresentation was morally or ethically wrong?

"2. Do you feel that such misrepresentation or concealment by the defendant would so prejudice you against him that you could not consider the charges objectively and fairly, giving him the benefit of the presumption that he is innocent?"

The defendant urges that the refusal to ask the submitted questions, or their substance, was in derogation of his Sixth Amendment guarantee of an impartial jury. He says that their submission to the veniremen was critical to his ascertaining whether they would be "impartial and objective in their evaluation of the facts" in view of the circumstance that the testimony at the trial would establish that he "had intentionally lied to Fullerton concerning the purpose of the [Fullerton's] interrogation"; further, he was entitled "to eliminate from the jury persons who could not evaluate the practice of pretext investigations with dispassion and objectivity."

It is the government's position that the questioning of veniremen on the *voir dire* rests in the sound discretion of the trial judge, and there is nothing here to show that the discretion was abused.

■ Applicable to this issue are these well-settled principles:

The trial court has "a broad discretion as to the questions to be asked" on *voir dire* examination of prospective jurors, but its exercise is "subject to the essential demands of fairness." [3]

A defendant has "[t]he right to examine jurors on the *voir dire* as to the existence of a disqualifying state of mind." [4]

The trial court, while impaneling a jury, "has a serious duty to determine the question of actual bias * * *." [5]

"The *voir dire* in American trials tends to be extensive and probing, operating as a predicate for the exercise of peremptories [peremptory challenges] * * *." [6]

A defendant "is entitled to be tried by an unprejudiced and legally qualified jury", and "[t]he range of inquiry in the endeavor to impanel such a jury should be liberal * * *." [7]

A defendant has the right "to probe for the hidden prejudices of the jurors." [8]

We recently applied the foregoing principles in a civil action, Kiernan v. Van Schaik, 347 F.2d 775 (1965) (filed June 24, 1965).

When the district court failed to do so in the instant case it exceeded the per-

his objections to the denial of the propounding of his requested questions.

3. Aldridge v. United States, 283 U.S. 308, 310, 51 S.Ct. 470, 471, 75 L.Ed. 1054 (1931); Sellers v. United States, 106 U.S. App.D.C. 209, 271 F.2d 475, 476 (1959).

4. Id. at page 313, 51 S.Ct. at page 472. See also Connors v. United States, 158 U.S. 408, at page 413, 15 S.Ct. 951, at page 953, 39 L.Ed. 1033 (1895) where it was said: " * * * a suitable inquiry is permissible in order to ascertain whether the juror has any bias, opin-

ion, or prejudice that would affect or control the fair determination by him of the issues to be tried."

5. Dennis v. United States, 339 U.S. 162, 168, 70 S.Ct. 519, 521, 94 L.Ed. 734 (1950).

6. Swain v. Alabama, 380 U.S. 202, 218–219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965).

7. United States v. Daily, 139 F.2d 7, 9 (7 Cir. 1944).

8. Lurding v. United States, 179 F.2d 419, 421 (6 Cir. 1950).

missible limits of its discretion and committed prejudicial error.

█ Since the crux of the defense was that while the defendant had lied concerning the purposes of his investigation he had not presented himself as "an *employee* of the Veterans Administration", he had the right to have prospective jurors questioned as to whether they had such a moral or ethical repugnance toward liars and lying that they could not evaluate his testimony "objectively and fairly".

In Aldridge v. United States, 283 U.S. 308, 313, 51 S.Ct. 470, 75 L.Ed. 1054 (1931) the Court stressed the role of the *voir dire* in eliciting prejudices of prospective jurors.

In United States v. Clancy, 276 F.2d 617, 632 (7 Cir. 1960), the trial court, on the *voir dire,* asked submitted questions which "were designed *to uncover prejudice against gamblers* and *religious scruples against gambling."* (Emphasis supplied.)

Again, in Lurding v. United States, 179 F.2d 419 (6 Cir. 1950) it was held that it was reversible error not to permit the questioning of prospective jurors as to "whether or not they were opposed to the operation of handbooks." In doing so the Court said at page 421:

> "It may well be that among the veniremen were some *who were opposed to the operation of handbooks upon principle,* whether or not prohibited by law. It may also be true that others would feel that in Louisville the operation of handbooks was no more reprehensible than the operation permitted by law of pari-mutuel machines at Churchill Downs. *Counsel was entitled to probe for the hidden prejudices of the jurors."* (Emphasis supplied.)

In United States v. Daily, 139 F.2d 7, 9 (7 Cir. 1944), where the defendant was a Jehovah's Witness, the Court approved a question asked on the *voir dire* as to whether the veniremen had a prejudice against a Jehovah's Witness.

In Sellers v. United States, 106 U.S. App.D.C. 209, 271 F.2d 475, 476 (1959), it was held that the trial court committed reversible error when it denied the defendant's request that it ask, on *voir dire* examination, whether any of the jurors were "inclined to give more weight to the testimony of a police officer *merely because he is a police officer* than any other witness in the case." (Emphasis supplied.)

The sum of the situation in the instant case is that the court below failed to discharge its "serious duty to determine the question of actual bias" and disobeyed the Supreme Court's oft-stated command that "[T]he trial court must be zealous to protect the rights of an accused". Dennis v. United States, 339 U.S. 162, 168, 70 S.Ct. 519, 521 (1950).

For the reasons stated the Sentence and Judgment of the District Court, entered October 7, 1964, will be reversed and the cause remanded with directions to grant a new trial and to proceed in accordance with this Opinion.