Wilton R. **THOMPSON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21423.

United States Court of Appeals
Ninth Circuit.

Jan. 2, 1968.

Rehearing Denied Feb. 12, 1968.

Edward L. Cragen (argued), San Francisco, Cal., for appellant.

Jerrald Ladar, Asst. U. S. Atty. (argued), Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before BROWNING and ELY, Circuit Judges, and THOMPSON, District Judge.

PER CURIAM:

Appellant and Nathan Nyland Robeson were charged by indictment with entering a savings and loan association with intent to commit a larceny, in violation of 18 U.S.C. § 2113(a). Robeson pleaded guilty. Appellant pleaded not guilty and stood trial. The jury was unable to agree. Appellant was retried on an information charging the same offense. He was convicted and appealed. We find no prejudicial error, and therefore affirm.

Appellant objected to the admission of testimony of the witness Blair on the ground that proof of unexplained possession of unusual amounts of money after a robbery, "standing alone," is not

competent evidence to connect the possessor with the robbery absent a showing of prior poverty, and that the government failed to establish the latter. However, the relevance of Blair's testimony did not depend upon the large amount involved but rather upon other unusual circumstances which the jury could regard as incriminating—particularly that appellant produced the sum ($3,000) from a brown paper shopping bag; that it consisted entirely of bills not over twenty dollars in denomination and included two large bundles of five dollar bills and two hundred one dollar bills; that appellant told the witness Blair a false story as to the source of the bills; and that the alternate explanation offered at trial (that appellate kept his funds in unbanked cash to conceal them from a private investigator hired by his former wife) seemed at least questionable.

The record discloses that appellant's objection to the cross-examination of the witness Leighty as to whether he had been convicted of a felony was later withdrawn in return for a commitment by government counsel not to comment upon the matter in closing argument.

Appellant did not object to the testimony of the witness Heim which he now thinks inadmissible. If error occurred, it was not plain error, and it did not affect appellant's substantial rights.

We have examined the portions of the transcript to which appellant refers and cannot agree that in what was said government counsel "indirectly commented on appellant's failure to testify."

 Appellant contends that reversal is required because the trial court, in instructing the jury as to factors to be considered in weighing the testimony of witnesses, did not specifically mention proof that a witness had made prior statements inconsistent with his testimony. No doubt it would have been better to do so, but in the context of the whole case we think the omission was harmless. In the course of trial, appellant's counsel was permitted to make a complete record for impeachment of various witnesses on this ground. In his argument to the jury he fully exploited the impeaching effect of the record thus made. In instructing the jury, the court made it unmistakably clear that the weight to be attached to the testimony of the witnesses was a matter for the jury's sole judgment, and that among the factors which the jury might consider was whether the witness "has wilfully testified falsely on a material matter," "the extent to which he or she is contradicted or corroborated by other evidence," and "any other matter which reasonably sheds light upon the credibility of the witness." We are satisfied that the jury could not have been misled merely because the instructions did not include a reference in so many words to the impeaching effect of prior inconsistent statements.

We find no prejudicial misconduct on the part of government counsel, nor error in the denial of appellant's motion for acquittal or mistrial.

Affirmed.