[Crim. No. 3251. Fourth Dist., Div. One. Jan. 21, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES GORDON HOUSE, Defendant and Appellant.

Herbert M. Porter for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward Duddy, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant was charged with the offense of offering to sell a narcotic, viz, mescaline, and delivering to the purchaser a nonnarcotic in lieu of the narcotic offered, a violation of Health and Safety Code section 11503; was convicted, following a trial by jury; moved for a new trial, which was denied; was sentenced to imprisonment in the state prison; and appeals.

A state narcotic agent named Romine, and a confidential operator named Collins, contacted defendant and a man named Sebra respecting the purchase of mescaline. Both of the latter participated in the discussion resulting in an offer to sell the former an ounce of mescaline for $115. Defendant stated the mescaline was 90 percent pure; advised the best way to sell the mescaline was to cap it in No. 2 caps at $45 per cap; also stated the mescaline was in a neighboring city; and participated in the conversation fixing the time and place of delivery. At the appointed time and place Romine and Collins met with Sebra and waited for defendant. Upon the latter's arrival he displayed a plastic bag containing a white powder which he handed to Sebra who in turn handed it to Romine. The latter subsequently returned it to Sebra. The sellers reiterated their previous representation the mescaline was "some-

where in the neighborhood of 90 per cent pure.'' Defendant stated his belief the purchaser probably could sell the capsules for somewhere between $40 and $45 apiece; and explained the reason for his delayed arrival was the trouble he had encountered in locating scales with which to weigh the mescaline. Romine paid Sebra $120; the latter left to obtain change; when he returned, defendant handed Romine $5. The bag of white powder was rewrapped by Sebra and handed back to Romine. Subsequently Romine delivered the bag and contents to his San Diego office. A chemical analysis of the contents of the bag established it was not mescaline or any other narcotic.

Defendant testified although he was present when the transaction occurred and overheard some of the conversation, he was not a participant in any way; he did not obtain or deliver the bag with the white substance; he did not engage in any of the conversations and did not make the statements attributed to him; and he did not do any of the things heretofore noted.

■ · Defendant contends denial of his motion for new trial, premised on the ground of newly discovered evidence, was error. This contention is without merit because the motion was not supported by an affidavit as required by Penal Code section 1181, subdivision 8 (*People* v. *Fenton,* 141 Cal.App.2d 357, 360 [296 P.2d 829]); nor was there a showing existence of the evidence was not known before the trial or that reasonable diligence had been exercised to obtain it before the trial. (*People* v. *Williams,* 57 Cal.2d 263, 270 [18 Cal.Rptr. 729, 368 P.2d 353].)

■ Defendant requested permission of the trial court, on *voir dire* examination of the jurors, to ask each juror the following question: ''Are you willing to believe that it is possible that a police officer, not talking about a specific one, but a police officer would get up on the stand even though sworn to uphold the law and testify falsely under oath, thus committing perjury?'' The court denied the request and also advised counsel for the prosecution he might not ask a similar question of defendant. On appeal defendant contends the court's ruling was an unreasonable restriction on his *voir dire* examination, citing *Sellers* v. *United States,* 271 F.2d 475 [106 App.D.C. 209], in support of this contention. The *voir dire* question in the cited case does not simulate that in the instant case. The question in the instant case is phrased so as to invite a negative reply. It always is possible any person

may not tell the truth. Anyone who indicates a belief to the contrary does not understand the question. Thus, a negative reply would lead to extended questioning emphasizing the word "possible" and clarifying the question, which in the end, would not advance the cause of justice. The determination by the trial court was subject to an exercise of discretion. No abuse of that discretion is shown. The contention is without merit.

 The court did not instruct the jury a violation of Health and Safety Code section 11503 requires a specific intent to deliver a nonnarcotic substance. Defendant contends even though he did not request such an instruction the court should have given it *sua sponte* and, failing to do so, committed error.

Although there is a conflict in the court of appeal decisions in this state on the issue, we believe the opinion in *People* v. *Northern*, 256 Cal.App.2d 28, 35 [64 Cal.Rptr. 15], states the more reasonable point of view and adhere to the statement of the law therein that "it is immaterial to a violation of section 11503 whether the defendant either before or at the time of the delivery of the nonnarcotic substance, intends to deliver a narcotic or some innocuous material. The section is violated if there is an offer of a narcotic and a subsequent delivery of nonnarcotic substance."[1]

 In similar vein defendant contends the verdict is not supported by the evidence because there is no proof of an intent to defraud the officer. Fraudulent intent is not an element of the offense. (*People* v. *Northern, supra,* 256 Cal.App. 2d 28, 34.)

Defendant also contends the evidence does not support the conclusion the substance delivered was not a narcotic. His contention is directed to the weight rather than the legal sufficiency of the evidence.[2]

 The confidential informer, Collins, was not called as a witness by the prosecution. Defendant's subpoena to obtain

---

[1] The instant case does not involve an application of the rules governing the criminal responsibility of an aider and abettor under which knowledge of the criminal nature of the transaction is an essential element, which was the situation in *People* v. *Sweet*, 257 Cal.App.2d 167, 170-171 [65 Cal.Rptr. 31] and *People* v. *Lopez*, 213 Cal.App.2d 668, 675 [28 Cal.Rptr. 912], purportedly supporting the position specific intent is an element of the subject offense.

[2] Counsel's attention is directed to the opinion in *People* v. *Roberts*, 213 Cal.App.2d 387, 391 [28 Cal.Rptr. 839], for a summarization of the controlling rules on appeal upon a claim of insufficiency of the evidence to support the verdict.

his presence was returned unserved. On appeal defendant contends the prosecution did not disclose ''details'' necessary to enable him to locate Collins. The record shows defendant had discovery of the prosecution's entire file. There is no showing the prosecution knew of Collins' whereabouts; withheld any information pertinent to his whereabouts; or had encouraged him to disappear. The contention is without merit.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.