**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Allen WILLIAMS, Defendant-Appellant.**

**No. 135-69.**

United States Court of Appeals
Tenth Circuit.

Oct. 21, 1969.

John A. Babington, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., with him on the brief) for plaintiff-appellee.

Edward T. Curran, Albuquerque, N. M., for defendant-appellant.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and THEIS, District Judge.

MURRAH, Chief Judge.

Appellant was charged in the District Court for the District of New Mexico for violation of 18 U.S.C. Section 2312 (Dyer Act) and appeals from the judgment and sentence following conviction. His sole contention is that the voir dire was inadequate to properly test the qual-

ifications and competency of the prospective jurors.

Before voir dire, appellant submitted in writing eleven proposed questions. Judge Bratton conducted the voir dire inquiry in its entirety in accordance with Rule 24, Fed.R.Crim.P., and asked in substance, though in different words, nine of the suggested interrogatories. Refusal to propound two of the interrogatories is the subject of this appeal.

The judge asked the veniremen if they had heard anything about the charge; if they knew or had heard of the defendant; if they were acquainted with any of the attorneys or any members of the prosecutor's staff; if any of them had been the victim of a car theft; if any of them had been employed as a law enforcement agent; if they would believe the testimony of a law enforcement officer more than that of any other witness merely because he was a law enforcement officer; if any of them had served on a jury before; and if there was any reason why they could not decide the case solely on the evidence and the instructions. They were told that the indictment was only a charge. And, at the close of the evidence, the jury was instructed on presumption of innocence and reasonable doubt.

The trial judge declined the request to inquire of the prospective jurors: " * * * If you heard the evidence and you thought that the defendant was probably guilty—you weren't convinced that he was or that he wasn't, but you thought the evidence showed he probably was guilty—would you be able to return a verdict of not guilty in this case?"; and: "11. Would it bother you, or weight on your conscience to return a verdict of not guilty when you thought probably he was guilty?" Williams insists that the trial court's refusal to ask the two questions hindered him in his effort to uncover any bias or prejudice that a prospective juror might harbor against the traditional concepts of presumption of innocence and proof beyond a reasonable doubt. Williams also claims that he was prejudiced since he was "possibly forced to use pre-emptory [sic] challenges when challenges for cause could have been used."

Without counsel's statement of his underlying motives for propounding the questions, we would be unable to perceive the sense or import of either of them. On their face, they do not appear to probe the state of mind of a prospective juror concerning any rule or standard by which guilt or innocence should be determined. And we seriously doubt that a prospective juror could have intelligently or meaningfully answered the questions. Cf. Christianson v. United States, 290 F. 962 (6th Cir. 1923). Indeed, the questions demonstrate the wisdom of committing to the trial judge the primary responsibility of qualifying and conditioning the jurors to sit in judgment on their fellowmen and the folly of leaving voir dire to the rhetorical vagaries of trial counsel. It must be remembered that the purpose of voir dire is to enable the parties to obtain an impartial jury, not to select jurors. See Brown v. New Jersey, 175 U.S. 172, 20 S.Ct. 77, 44 L. Ed. 119 (1899).

It is for these cogent reasons that the law reposes in the trial judge a wide discretion in the conduct of the voir dire, Kreuter v. United States, 376 F.2d 654 (10th Cir. 1967), cert. den. 390 U.S. 1015, 88 S.Ct. 1267, 20 L.Ed.2d 165 (1968), subject only to the essential demands of fairness, Aldridge v. United States, 282 U.S. 836, 51 S.Ct. 333, 75 L. Ed. 743 (1954). See also, Brundage v. United States, 365 F.2d 616 (10th Cir. 1966).[1] While it would indeed be appropriate, even desirable, to explain to the prospective jurors the significance of presumption of innocence and reasonable doubt in the determination of guilt or innocence, it is surely not reversible error to omit doing so. i. e., see Brundage v. United States, supra at 618.

Judgment affirmed.

Judge Frank J. Murray, beginning at 271.

---

1. See generally 44 F.R.D. 245 et seq., and specifically a discussion of voir dire by