**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roscoe Thomas BREWER, Defendant-**
**Appellant.**

**No. 187-68.**

United States Court of Appeals,
Tenth Circuit.

June 12, 1970.

Clifford K. Cate, Jr., Asst. U. S. Atty. (William J. Settle, U. S. Atty., Muskogee, Okl., was on the brief), for appellee.

E. C. Nelson, Muskogee, Okl., for appellant.

Before HICKEY and HOLLOWAY, Circuit Judges, and EUBANKS, District Judge.

HOLLOWAY, Circuit Judge.

Appeal is taken from a conviction and 15-year sentence under 18 U.S.C. § 2113 (d) for armed bank robbery and for placing in jeopardy the life of the officer in custody of national bank funds. The issues on appeal concern two refusals of the trial court to ask additional questions on voir dire and the admission of evidence of cash purchase of an automobile which is said to have been admitted without a proper foundation and prejudicial. We do not agree with either contention and affirm. The relevant facts appear in our discussion of these issues.

First appellant argues that the trial court erred by refusing on voir dire to inquire whether "because bank personnel are involved would they believe them quicker than they would anyone else." The direct proof of the Government that appellant committed the robbery included the testimony of three bank officers along with that of three other witnesses. One of the latter said appellant looked like the robber, although smaller than the robber was. And it was stipulated that at a line-up the day before trial, one additional witness picked a different person and another failed to identify anyone. A pre-trial display of photographs had not produced an identification of appellant. Appellant denied participation in the robbery and offered an alibi defense, supported by four other witnesses, placing him in Tulsa at the time so that the reliability and credibility of the testimony of the bank personnel were of paramount importance.

The court conducted the voir dire as sanctioned by Rule 24(a), F.R.Crim.P., and in conformity with the customary practice in this circuit. Brundage v. United States, 365 F.2d 616 (10th Cir.). The jurors were extensively questioned on circumstances that might impede their reaching a fair verdict. There was painstaking collective and individual questioning of their general qualifications and circumstances indicating any possible prejudice for or against either party. The court questioned one juror about possible unfairness by any disposition to favor Government evidence because of employment of a relative by the Government. In another instance the court inquired of a juror (later excused by a peremptory challenge) whether employment of her son as an officer of another bank might influence her decision. The jurors were questioned generally to ascertain their acceptance of the presumption of innocence and the rule on the Government's burden of proof.

■■ The trial court has broad discretion on questions to be asked on voir dire, subject to essential demands of fairness. Aldridge v. United States, 283 U.S. 308, 310, 51 S.Ct. 470, 75 L.Ed. 1054; United States v. Williams, 417 F.2d 630, 631 (10th Cir.). We have said that it is a proper subject of voir dire to ask whether jurors would give greater or less weight to anticipated testimony of a law enforcement officer than to that of another witness simply because of the officer's official character. See Chavez v. United States, 258 F.2d 816, 819 (10th Cir.), cert. denied sub nomine Tenorio v. United States, 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577; and Brown v. United States, 119 U.S. App.D.C. 203, 338 F.2d 543, 544-545. However, we feel that the complaint here about refusal of the similar question on the testimony of bank employees is unjustified and conclude that the court adequately tested the qualifications and competency of the jurors. Kreuter v. United States, 376 F.2d 654, 657 (10th Cir.), cert. denied, 390 U.S. 1015, 88 S.Ct. 1267, 20 L.Ed.2d 165. We are satisfied that the jurors were fairly questioned and that refusal of the addi-

tional inquiry was no abuse of discretion in the process of obtaining an impartial jury. Aldridge v. United States, supra; United States v. Williams, supra.[1]

Secondly appellant complains of refusal to ask the jurors whether "because the defendant has had prior convictions will they base a verdict on those, or be decided upon the facts presented on this case alone." The trial court refused this request also, stating that the matters had been covered by questions asked and would be covered adequately in the instructions. In the charge the court said that one thing the jury might take into consideration in determining the extent to believe appellant was his prior convictions, but that he was not on trial for those offenses and that the prior convictions could not be considered as evidence of the bank robbery.

█ Again we conclude that refusal to ask the additional question was not an abuse of discretion in the voir dire to obtain an impartial jury. We are referred to no authorities that such questioning is essential to a fair voir dire. And the purpose of the questioning was to enable the parties to obtain an impartial jury, not to select jurors. See Brown v. New Jersey, 175 U.S. 172, 175, 20 S.Ct. 77, 44 L.Ed. 119; United States v. Williams, supra, 417 F.2d at 631. We conclude there was no impingement on appellant's rights, nor any denial of the essential demands of fairness. Aldridge v. United States, supra; Brundage v. United States, supra.

Third, appellant argues that admission of testimony as to cash purchase of an automobile was error for lack of relevance and a proper foundation, relying on Lyda v. United States, 321 F.2d 788 (9th Cir.).

The Government proof showed that a robbery occurred about 2:45 p. m. on January 4, 1968, at the Security National Bank of Coweta (about 27 miles from Tulsa). Bank officers and others identified appellant as the robber. $6,746 was missing after the robbery. The loss consisted of about $4,000 in 20-dollar bills, along with 10, 5 and 1-dollar bills which were missing. The testimony objected to came from one Rowland who testified that appellant, an acquaintance of his, had purchased a car from him in a pool hall in Tulsa for cash; that this occurred about 4 o'clock on an afternoon in January, or possibly February, 1968, the date not being remembered; and that the $2,500 payment was made mostly in 20-dollar bills, and also in some 10 and 5-dollar bills.[2]

█ We cannot agree that the trial court erred in admitting this testimony. It is true that the probative value of such proof may be outweighed by the possibility of confusing and prejudicing the jury, see Lyda v. United States, supra at 790; and Rule 4–03(a), Proposed Rules of Evidence, 46 F.R.D. 161, 225; cf. Williams v. United States, 168 U.S. 382, 395–396, 18 S.Ct. 92, 42 L.Ed. 509, and that some circumstances discussed often in conjunction with such proof were not shown before it went in. However, we do not feel that the fixing of the exact date of the car purchase as occurring after the robbery was essential here, since possession of a large sum of cash at about the time of an offense may be considered as part of the circumstantial evidence where warranted by the particular facts involved. See United States v. Jackskion, 102 F.2d 683, 684 (2d Cir.), cert. denied, 307 U.S. 635, 59 S.Ct. 1032, 83 L.Ed. 1517; and O'Shea v. United States, 93 F.2d 169, 172 (6th

---

1. We view the facts and the careful and fair voir dire here as distinguishing this case from the authorities relied on by appellant. United States v. Napoleone, 349 F.2d 350 (3d Cir.); Sellers v. United States, 106 U.S.App.D.C. 209, 271 F.2d 475, and Smith v. United States, 262 F.2d 50 (4th Cir.).

2. Appellant testified that he purchased the car the last part of December or the first part of January and paid for it out of $2,700 he got from the sale of check protectors he had had for several years.

**412**

Cir.). Nor do we think that the absence of proof of prior poverty destroyed the relevance of proof of the cash purchase here in view of the circumstances recited surrounding the transaction and the other incriminating evidence. See Thompson v. United States, 389 F.2d 37, 38 (9th Cir.), cert. denied, 391 U.S. 903, 88 S.Ct. 1651, 20 L.Ed.2d 417; and Self v. United States, 249 F.2d 32, 34–35 (5th Cir.). We cannot say that the trial court abused its discretion in determining that such circumstantial evidence was relevant and probative, and not remote and prejudicial, under all the circumstances. See Wilson v. United States, 250 F.2d 312, 325 (9th Cir.); Yates v. United States, 362 F.2d 578, 579 (10th Cir.); and Johnston v. United States, 260 F.2d 345, 347 (10th Cir.), cert. denied, 360 U.S. 935, 79 S.Ct. 1454, 3 L.Ed.2d 1547.

The record reveals a fair trial and ample proof to sustain the conviction. We conclude that none of appellant's contentions justify disturbing the judgment and it is affirmed.