**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Roy WRAGGS, Defendant-Appellant.**

**No. 35178.**

Missouri Court of Appeals,
St. Louis District,
Division One.

July 16, 1974.

Charles Kitchin, Public Defender, James E. Wynne, James C. Jones, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Chief Counsel, Jefferson City, J. Brendan Ryan, Circuit Atty., John F. White, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

WEIER, Judge.

Defendant was charged by information with burglary in the second degree. The jury returned a verdict of guilty and defendant was sentenced to four years imprisonment. On appeal, defendant asserts that during voir dire examination he was wrongfully required to use a peremptory challenge in lieu of a challenge for cause.

It is a well established rule in Missouri that a defendant in a criminal case has the right to a full panel of qualified jurors before he is required to make his peremptory challenges, State v. Hirsack, 465 S.W.2d 543, 545 [1] (Mo.1971); State v. Kirkpatrick, 428 S.W.2d 513, 516 [2] (Mo.1968); and if he is required to exercise one of his peremptory challenges where a prospective juror should have been stricken for cause, the judgment of the trial court is to be reversed and the cause remanded for a new trial. State v. Land, 478 S.W.2d 290, 292 [3] (Mo.1972).

During voir dire examination in the instant case, venirewoman Blanche L. Weeke stated that her deceased husband had been a police officer for twenty-two years, and that she herself had formerly been employed by the Communications Section of the Police Department approximately six years before the instant case came to trial. In addition, Mrs. Weeke stated that she might recognize by sight some of the police officers testifying at trial. From this background defendant contends that Mrs. Weeke, as a juror, would "naturally" give greater weight to the testimony of a police officer than to other witnesses. Our courts have not accepted such a generalization. An affiliation or connection with law enforcement is, standing alone, not reason enough to sustain a challenge for cause. State v. Cashman, 485 S.W.2d 431, 434 [5] (Mo.1972);

State v. Hamilton, 340 Mo. 768, 102 S.W. 2d 642, 647 [17] (1937). Consideration of the qualifications of a venireman involves a factual determination made only after noting the questions and answers elicited on voir dire and observing the demeanor of the prospective juror. State v. Land, *supra*, 478 S.W.2d at 292 [3].

Further examination of the record reveals that when asked whether she would give more weight to the testimony of those officers she recognized by sight than to other witnesses, Mrs. Weeke initially replied that that was a hard question, but subsequently answered by saying that she thought she would be fair and honest. When asked whether she could be positive that she would be fair and honest, she answered that she had a high respect and regard for police officers. Later, when asked whether she would evaluate the testimony of police officers and other witnesses by the same standards, she responded in the affirmative. When questioned by defense counsel as to whether she would give more credence to a police officer merely because he was a police officer, Mrs. Weeke replied that she would not, as long as he was fair and right. Finally, Mrs. Weeke explicitly indicated that she could base her verdict solely on the evidence adduced at trial.

■ Our courts have consistently held that it is within the sound discretion of the trial judge to determine when a challenge for cause should or should not be sustained and that his decision thereon should not be reversed unless there is a clear abuse of discretion. State v. Land, *supra* at 292 [1, 2]; State v. DeClue, 400 S.W.2d 50, 57 [12] (Mo.1966). Furthermore, all doubts should be resolved in favor of the finding of the trial judge. State v. Wilson, 436 S. W.2d 633, 637 [5] (Mo.1969). This is due primarily to the fact that the trial judge is in a far better position to determine challenges for cause than are we for the reason that he has the advantage of observing the demeanor of the venireman. State v.

Harris, 425 S.W.2d 148, 155 [8] (Mo. 1968).

■ Defendant contends that the aforementioned examination of Blanche L. Weeke evidences a prejudice and bias in favor of police officer testimony. We find this contention to be without merit. Although Mrs. Weeke initially responded to a few questions asked her with such hesitant and qualified expressions as: "That's a hard question"; "Well, I have a high respect and regard for the officers"; and "No, as long as he is fair . . . And right", further questioning of her revealed that she would evaluate the testimony of all witnesses by the same standards, and that she could render a verdict solely on the evidence that came from the witness stand. Defendant himself pointed out in his brief that "the question as to the qualification of the juror must be determined, not from a few catch-words drawn from him by a series of questions, but from his whole examination, * * *." State v. Cunningham, 100 Mo. 382, 389, 12 S.W. 376, 377 (1889). We are of the opinion that, when the examination as a whole is considered, Mrs. Weeke carefully and conscientiously considered the questions propounded to her on voir dire, and indicated that she would be a disinterested and unprejudiced juror, and that her past experiences or connections would not affect her thinking in following the evidence and rendering a fair and impartial verdict.

In State v. Cuckovich, 485 S.W.2d 16 (Mo. banc 1972), a case closely akin to the case at bar, defendant contended that the trial court erred in not sustaining his challenges for cause of two veniremen. One venireman had a son who had formerly been a police officer, while the other had a friend and a brother-in-law who held law enforcement positions. Both men admitted on voir dire that they might give more weight to the testimony of a police officer than to other witnesses. Defendant relied on Sellers v. United States, 106 U.S.App. D.C. 209, 271 F.2d 475 (1959), wherein the

court noted that a defendant cannot be fairly and impartially tried by a juror who would be likely to give unqualified credence to a law enforcement officer merely because he is such an officer. Sellers v. United States, *supra* at 476 [2]. That court accordingly held that it was reversible error to deny ·defendant's request that the panel be asked whether "any of the jurors [are] inclined to give more weight to the testimony of a police officer merely because he is a police officer than any other witness in the case." · Sellers v. United States, *supra* at 476 [1]. In ruling that the trial court did not abuse its discretion in failing to sustain the challenges in question, the Missouri Supreme Court in *Cuckovich* not only distinguished the case from *Sellers* insofar as the form of the question propounded on voir dire and insofar as the more important evidence in the case (unlike *Sellers*) was obtained from witnesses other than the police, but also noted that both veniremen indicated on voir dire that they would base their verdict on the evidence and the court's instructions. · State v. Cuckovich, *supra*, 485 S.W.2d at 22 [11].

In the instant case, the question propounded to Blanche L. Weeke was substantially the same as that requested in *Sellers*. But unlike *Sellers* it was asked of the venirewoman, not just requested and denied. The defendant was not denied this interrogation. And here Mrs. Weeke, unlike the veniremen in *Cuckovich*, neither admitted to nor indicated the existence in her mind of a prejudice or bias in favor of police officer testimony. Under the facts presented, the trial court did not abuse its discretion in finding that venirewoman Blanche L. Weeke was a qualified juror.

The judgment is affirmed.

DOWD, C. J., and KELLY, J., concur.