[Crim. No. 7029. Fourth Dist., Div. Two. Dec. 5, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
REED HADLEY HAINES, Defendant and Appellant.

COUNSEL

Raymond A. Greenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, and Michael E. Lasater, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**GARDNER, P. J.**—Defendant was convicted of selling a substance in lieu of a restricted dangerous drug (Health & Saf. Code, § 11917, now Health & Saf. Code, § 11382).

The sole issue on appeal is whether this violation requires a specific intent to substitute a substance in place of a restricted dangerous drug.[1]

In an opinion which appeared briefly in the advance sheets, we pointed out the hopeless conflict between the decisions of the Courts of Appeal as to whether this crime requires a specific or a general intent. We held it was a general intent crime.

The Supreme Court granted a hearing and then retransferred the matter to this court "for the refiling of its opinion with an appropriate reference to *People* v. *Daniels* (1975), 14 Cal.3d 857," which had come down after the filing of our original opinion. *Daniels* held that the selling of a restricted dangerous drug is a general and not a specific intent crime.

While *Daniels* involved *sale* of a restricted dangerous drug instead of *sale* of a substance *in lieu of* a restricted dangerous drug, we interpret this

---

[1]The issue was presented when the trial judge struck from CALJIC No. 12.23 (now CALJIC No. 12.04) the words "With the specific intent to substitute a substance in place of a restricted dangerous drug."

action of the Supreme Court to be an oblique holding that the offense of sale of a substance in lieu of a restricted dangerous drug is a general intent crime. ■ We therefore adopt the rationale of *Daniels* and hold that Health and Safety Code, section 11382, does not require a specific intent to substitute a substance in place of a restricted dangerous drug. The offense is complete if there has been an offer of a restricted dangerous drug and there is subsequent delivery of a substance in lieu thereof.

It would thus appear that those cases which hold this offense to be a specific intent offense[2] were in error and that cases holding that this is a general intent crime[3] correctly state the law. The editors of CALJIC may safely revise CALJIC No. 12.04 by striking therefrom the phrase "with the specific intent to substitute any other substance in place of a controlled substance."

Judgment affirmed.

Kaufman, J., and McDaniel, J., concurred.

On December 24, 1975, the opinion was modified to read as printed above.

---

[2]*People* v. *Sweet,* 257 Cal.App.2d 167 [65 Cal.Rptr. 31]; *People* v. *Contreras,* 226 Cal.App.2d 700 [38 Cal.Rptr. 338]; and *People* v. *Lopez,* 213 Cal.App.2d 668 [28 Cal.Rptr. 912].

[3]*People* v. *Medina,* 27 Cal.App.3d 473 [103 Cal.Rptr. 721]; *People* v. *House,* 268 Cal.App.2d 922 [74 Cal.Rptr. 496]; *People* v. *Northern,* 256 Cal.App.2d 28 [64 Cal.Rptr. 15]; and *People* v. *Hicks,* 222 Cal.App.2d 265 [35 Cal.Rptr. 149].