[Crim. No. 27518. Second Dist., Div. Two. Aug. 5, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
ANNE MARY LECHLINSKI, Defendant and Appellant.

## COUNSEL

Richard Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Cynthia Sonns Waldman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BEACH, J.**—Anne Mary Lechlinski was found guilty of violating section 11355 of the Health and Safety Code.[1] She appeals from the judgment of conviction.

FACTS:

On February 4, 1975, after various acts of negotiating, appellant sold to undercover Officer Leonard Doran a white powder that appeared to be

---

[1]Section 11355 of the Health and Safety Code provides in part: "Every person who agrees, consents, or in any manner offers to unlawfully sell, furnish, transport, administer, or give [certain] controlled substance(s) . . ., or offers, arranges, or negotiates to have any such controlled substance unlawfully sold, delivered, transported, furnished, administered, or given to any person and then sells, delivers, . . . or negotiates to have sold, delivered, . . . to any person any other liquid, substance, or material in lieu of any such controlled substance shall be punished by imprisonment in the county jail for not more than one year, or in the state prison for not more than ten years." (See § 11382 re nonnarcotics.)

cocaine. She asked him to sample it and was concerned that he be satisfied with the powder. However, upon chemical examination, a qualified expert found that the material tested did not contain cocaine or any other dangerous or restrictive drug.

The trial court, without directly commenting or ruling on the issue of whether specific intent was necessary for the commission of the instant crime, found appellant guilty. Appellant was placed on probation with proceedings suspended for five years; the first ten days were to be spent in county jail.

CONTENTION ON APPEAL:

■ Appellant's sole contention is that Health and Safety Code section 11355 is not violated without a specific intent to sell a substance other than a controlled substance.

DISCUSSION:

The question raised by appellant has long produced diverging opinions from different districts of the Courts of Appeal and even from different divisions within a district. (See, for example, *People* v. *Medina,* 27 Cal.App.3d 473 [103 Cal.Rptr. 721], *People* v. *House,* 268 Cal.App.2d 922 [74 Cal.Rptr. 496], *People* v. *Northern,* 256 Cal.App.2d 28 [64 Cal.Rptr. 15], and *People* v. *Hicks,* 222 Cal.App.2d 265 [35 Cal.Rptr. 149], all of which hold that only general intent is necessary for a violation of this section. Compare *People* v. *Sweet,* 257 Cal.App.2d 167, 171 [65 Cal.Rptr. 31], *People* v. *Contreras,* 226 Cal.App.2d 700 [38 Cal.Rptr. 338], and *People* v. *Lopez,* 213 Cal.App.2d 668, 673 [28 Cal.Rptr. 912], all of which say that a specific intent to furnish a substitute substance is necessary.) The People contend that the California Supreme Court has recently indicated its preference for the first line of cases, those requiring only a general intent, by its retransfer of *People* v. *Haines* (originally reported in 43 Cal.App.3d 479) back to the Court of Appeal to be decided in light of *People* v. *Daniels,* 14 Cal.3d 857, 860-861 [122 Cal.Rptr. 872, 537 P.2d 1232]. *Haines, supra,* had held inter alia that specific intent was not required. Upon redetermination, the Court of Appeal in *People* v. *Haines,* 53 Cal.App.3d 496 [125 Cal.Rptr. 735], reaffirmed its original holding in light of *Daniels,* that specific intent is not required.

*People* v. *Daniels, supra,* 14 Cal.3d at page 862, held that *sale* of a restricted dangerous drug (Health & Saf. Code, § 11352) is not a specific

intent crime. Sale itself, together with the element of knowledge of the character of the substance sold, are sufficient for violation of that section. (*Daniels, supra,* 14 Cal.3d at p. 860.) Respondent contends that the Supreme Court's transfer of *Haines, supra,* to the Court of Appeal "for the re-filing of its opinion with an appropriate reference to *People v. Daniels* (1975), 14 Cal.3d 857" is, as was found by that district of the Court of Appeal in its subsequent opinion, an oblique holding that the offense of sale of a substitute in lieu of a restricted dangerous drug is a general intent crime. Respondent's contention appears to be correct.

In *Daniels, supra,* and *Haines, supra,* apposite language and argument is like that found in *People v. Northern, supra,* 256 Cal.App.2d at page 34, that the vice that the statute attacks "is one aspect of the narcotics traffic, not fraud or breach of contract . . . . We therefore hold that it is immaterial to a violation of section 11503 [now 11355] whether the defendant either before or at the time of the delivery of the non-narcotic substance, intends to deliver a narcotic or some innocuous material. The section is violated if there is an offer of a narcotic and a subsequent delivery of a non-narcotic substance." (See also *People v. Medina, supra,* at pp. 477-478; *People v. Hicks, supra,* 222 Cal.App.2d 265, and dissent in *People v. Sweet,* 257 Cal.App.2d 167 at p. 172 [65 Cal.Rptr. 31].) Nearly identical language was employed in the *Haines* opinion with reference to Health and Safety Code section 11382, that it does not require specific intent to substitute a substance in place of a restricted dangerous drug. (*People v. Haines,* 53 Cal.App.3d at p. 498 [125 Cal.Rptr. 735].)

As a result of the foregoing, it follows that our language and holding to the contrary in *People v. Contreras,* 226 Cal.App.2d 700 [38 Cal.Rptr. 338], and *People v. Sweet,* 257 Cal.App.2d 167 at page 171 [65 Cal.Rptr. 31], must be disregarded as now inapplicable.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied August 24, 1976, and appellant's petition for a hearing by the Supreme Court was denied September 29, 1976.