Medardo R. **BELMAREZ**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 22912.

United States Court of Appeals
Fifth Circuit.

June 13, 1966.

Wm. F. (Pete) Baker, Corpus Christi, Tex., David Yancey White, Houston, for appellant.

James R. Gough, Carl Walker, Jr., Asst. U. S. Attys., Woodrow Seals, U. S. Atty., Ronald J. Blask, Asst. U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, RIVES, Circuit Judge, and CHOATE, District Judge.

PER CURIAM:

There being no substantial question of the sufficiency of the evidence to warrant submission of this case to the jury, the only substantial question on appeal is whether reversible error occurred when the trial court refused to ask a question requested by appellant of the jury panel on voir dire.

The question,[1] dealing with the credence the members of the jury

---

1. The question was: "If you are selected as a juror in this case, you will be the exclusive judges as to the credibility of the witnesses and the weight to be given to each of them and their testimony. However, one of the witnesses for the prosecution, in all likelihood, will be Edward A. Heath, an officer with the United States Government, and in that connection, I will state to you that all witnesses are entitled to the same consideration regardless of their race and/or position in life. In this connection, I will ask whether there is anyone on this panel who will give more credence, or, in other words, believe Officer Edward A. Heath more because of the fact that he is a peace officer with the United States Government."

would give to the testimony of a named peace officer because of his being such officer, included an incorrect statement of the law. It is not correct to tell the jury, as was stated in the questions, that "all witnesses are entitled to the same consideration regardless of their race and position in life." The jury may give such consideration to the testimony of the several witnesses as the facts of the case may warrant. Thus, as in requests to charge, it was not in error for the trial court to refuse to pose the question containing the erroneous statement to the jury.[2]

The judgment is affirmed.

---

**2.** The district court might well have allowed a question requested in proper form, such as that approved in Sellers v. United States, 1959, 106 U.S.App.D.C. 209, 271 F.2d 475, 476, "whether 'any of the jurors [would be] inclined to give more weight to the testimony of a police officer merely because he is a police officer than any other witness * * *.'" See also Brown v. United States, D.C.Cir. 1964, 328 F.2d 543, 544.