**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert GASSAWAY, Defendant-
Appellant.**

**Nos. 71-1940, 71-2041.
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

March 7, 1972.

Floyd M. Buford, Macon, Ga., for defendant-appellant.

William J. Schloth, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., Charles B. Pekor, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Appellant Robert Gassaway brings this consolidated appeal from his separate convictions arising from violations of Federal liquor laws. The facts in No. 71-1940 were as follows: On November 5, 1970, two Federal agents were investigating two whiskey stashes, one located in a field and the other underneath a barn, which they had surmised to be "moonshine" whiskey. The agents staked out the premises and Agent Powell later testified that he saw appellant Gassaway enter the barn in the dark and pick up one of the stashes. When appel-

---

\* ▪ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of     New York et al., 5 Cir., 1970, 431 F.2d 409.

lant was informed that he was under arrest, he dropped the jugs and ran. The agents checked the contents, and relying upon their own experience determined that the jugs did contain non-tax paid whiskey. The Government's sole evidence in the case was the testimony of these two Federal agents. Appellant took the stand and denied their story, although there were no witnesses to corroborate appellant's story.

Appellant was indicted on three counts. for possession and concealment of non-tax paid whiskey in violation of 26 U.S.C. §§ 5205(a) (2), 5604(a) and 7206(4). On a jury verdict of guilty, appellant was sentenced to four years concurrently on each count and to run concurrently with his sentence in No. 71–2041.

The facts in No. 71–2041 may be summarized as follows: On February 25, 1971, the same two Treasury Agents set up an observation point near a duplex at 2147 Ferguson Lane in Macon, Georgia. They allegedly saw appellant Gassaway visit a woman up the street at 2156 Ferguson Lane. Together appellant and the woman visited the duplex, from which appellant carried out several five gallon jugs and placed them in his car. When they drove off, the agents radioed ahead to a third agent who blocked the path of appellant's car. After a minor collision appellant escaped into the darkness, but the woman, co-defendant Betty Jean Yates, was apprehended. She told the officers that the man who escaped was Charlie Williams. The duplex on Ferguson Lane was searched the next day and agents recovered ninety jugs of non-tax paid whiskey. Appellant was arrested on March 1, 1971.[1]

The jury returned a verdict of guilty on three counts of violation of §§ 5205(a) (2) and 5604(a) for possession, transportation and transferring non-tax paid whiskey. Gassaway received a sentence of four years on each count, to run concurrently and concurrently with his sentence in No. 71–1940.

Appellant's principal argument on appeal is that the trial court erred in refusing counsel's request that the court ask on *voir dire* whether any of the jurors were inclined to give more weight to testimony of a police officer merely because he is a police officer than to any other witness in the case.[2]

Circuit courts have differed on the propriety of this type of question. Appellant relies heavily upon two decisions of the District of Columbia Circuit, Sellers v. United States, 106 U.S.App.D.C. 209, 271 F.2d 475 (1959), and Brown v. United States, 119 U.S.App.D.C. 203, 338 F.2d 543 (1964), which held that a refusal to ask the question is reversible error where the testimony from law enforcement officers is virtually the entire case for the prosecution. This court recently discussed these decisions in United States v. Jackson, 448 F.2d 539, 542 (5th Cir., 1971):

> "In the [Brown] case, however, the principal opinion observed, page 545, that 'failure to make appropriate inquiry, when requested, does not necessarily require reversal; the issue turns on the degree of impact which the testimony in question would be likely to have had on the jury and what part such testimony played in the case as a whole'. The First Circuit, in Gorin v. United States, 1 Cir., 1963, 313 F.2d 641, 647, cert. den.,

1. The Government's evidence consisted of the positive identification of appellant by three Federal agents; in addition, the realtor who rented the duplex in which the contraband was found positively identified appellant as the man who rented the premises, and he also testified that appellant rented it under the name "Charlie Williams." The Government fingerprinting expert testified that appellant's fingerprints were found in the car from which he escaped and a chemist testified that the moonshine found in the car was the same as that found in the duplex.

2. The specific *voir dire* question requested by appellant in the court below was: "Is there any juror who would believe the testimony of a law enforcement officer in preference to other testimony for the sole reason that the testimony was given by a law enforcement officer?"

374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed. 2d 1052, held that the failure to ask the question along with others did not amount to an abuse of discretion because the Court's general questions coupled with its charge afforded the appellants ample protection. Also, in a footnote to the case of Belmarez v. United States, 5 Cir., 1966, 362 F.2d 544, this Court stated that the District Court might well have allowed a question requested in proper form, such as that approved in *Sellers*, whether any of the jurors would be inclined to give more weight to the testimony of a police officer, merely because he is a police officer, than any other witness."

This court then went on to hold that the failure to propound the question:

"Are you more apt to believe the testimony of an official of the Post Office Department, solely because he is an official of the Post Office Department, than you are to believe the testimony of the Defendant?"

was not error, and that any possible harm from the failure to ask the question was cured by the instructions of the court, "the last thing the jurors heard before they retired to consider their verdict." United States v. Jackson, *supra*, at 543.

In the instant cases the court below on *voir dire* asked the jurors numerous questions which insured a fair and impartial jury. For example, the jurors were asked the following:

"Have you any prejudice or bias resting on your mind either for or against either of the defendants? . . .

"Is your mind perfectly impartial between the Government on the one hand and to the defendants on the other? . . . .

"Now, do any of you happen to be acquainted with the officers who may testify as witnesses in this case . .

"Do any of you have an immediate member of your family who is a police officer? . . . .

"Are any of you jurors at this time a police officer or have you ever been a police officer? . . . ."

In addition, the court below properly instructed the jury on the recognized rules for weighing and evaluating testimony, including cautioning the jurors to consider each witness' testimony without prejudice and to take into consideration the witness' interest in the outcome. See United States v. Jackson, *supra*, at 542.

■ It is well settled that the latitude and manner of *voir dire* examination is within the sound discretion of the district judge, United States v. Fernandez-Piloto, 426 F.2d 892, 893 (5th Cir., 1970); Grogan v. United States, 394 F.2d 287, 291 (5th Cir., 1968), subject to the essential demands of fairness. Aldridge v. United States, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931).

After a careful review of the facts and circumstances in the instant cases, we are convinced that the district court did not abuse its discretion in failing to ask the appellant's proposed *voir dire* question.

■ Appellant also urges that in No. 71–2041 the district court erred in refusing to admit into evidence a letter from "Charlie Williams," which allegedly exculpated the accused. The letter was not authenticated in any way and we find no merit to appellant's argument.

Accordingly, the judgments appealed from are affirmed.