UNITED STATES of America, Appellee,

v.

Mark DESMARAIS, Defendant-Appellant.

No. 75–1253.

United States Court of Appeals,
First Circuit.

March 17, 1976.

Thomas C. Kenny and Burres & Kenny, Amherst, Mass., on brief, for defendant-appellant.

James N. Gabriel, U. S. Atty. and David P. Twomey, Asst. U. S. Atty., Boston, Mass., on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Appellant was found guilty after jury trial, on two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). This appeal raises two questions: whether the district court abused its discretion in refusing to allow appellant to conduct a voir dire examination of the jury panel and whether the voir dire examination conducted by the court was so inadequate that it deprived appellant of his right to trial by an impartial jury. We answer both questions in the negative and affirm the judgment of the district court.

Prior to empanelling of the jury, counsel for appellant filed a motion, entitled "Defendant's Motion Re Petit Jurors." The motion requested either that the jury panel be dismissed or that appellant be permitted to question panel members as to their ages and possible prejudices. After a hearing, the trial judge denied the motion, stating that he himself would "inquire as to possible prejudice." On the basis of the record, it is clear that the judge was well within the scope of his discretion in so ruling. Fed.R.Crim.P. 24(a) states in pertinent part: "The court may permit the defendant or his attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination . . . ." This language clearly leaves the decision in this matter to the sound discretion of the trial judge. *United States v. Wertis*, 505 F.2d 683, 684 (5th Cir. 1974), *cert. denied*, 422 U.S. 1045, 95 S.Ct. 2662, 45 L.Ed.2d 697 (1975); *United States v. Powers*, 482 F.2d 941, 944 (8th Cir. 1973), *cert. denied*, 415 U.S. 923, 94 S.Ct. 1426, 39 L.Ed.2d 479 (1974).[1]

As for the voir dire examination actually held by the court, we note first of all that in the conduct of the voir dire the trial judge has a considerable amount of discretion. "It is well settled that the latitude and manner of *voir dire* examination is within the sound discretion of the district judge, . . . subject to the essential demands of fairness." *United States v. Gassaway*, 456 F.2d 624, 626 (5th Cir. 1972) (citations omitted). *See also United States v. Liddy*, 166 U.S.App.D.C. 95, 509 F.2d 428, 434–35 (1974) (en banc); *United States v. Goodwin*, 470 F.2d 893, 897–98 (5th Cir. 1972), *cert. denied*, 411 U.S. 969, 93 S.Ct. 2160, 36 L.Ed.2d 691 (1973); *Kreuter v. United States*, 376 F.2d 654, 656–57 (10th Cir. 1967), *cert. denied*, 390 U.S. 1015, 88 S.Ct. 1267, 20 L.Ed.2d 165 (1968). In this case we hold that the trial judge was within the scope of his discretion in the manner in which he fulfilled his "serious duty . . . [of determining] the question of actual bias . . . ." *Dennis v. United States*, 339 U.S. 162, 168, 70 S.Ct. 519, 521, 94 L.Ed. 734 (1950). He addressed to the prospective jurors such questions[2] as the following (none of which were answered affirmatively):

"  . . . Have any of you ever heard of this case, United States versus Mark Desmarais? . . .

Have any of you ever heard or do you know the defendant or either counsel in this case? . . .

Have any of you ever sat on a Jury panel with either counsel in this case and, if so, do you feel prejudiced towards whichever client that counsel represents? I will ask you again: does any person who has sat during this sitting have such feelings about any counsel in this case

---

1. Prior to the voir dire, appellant's counsel informed the court that " . . . before coming into this courtroom this morning I was accosted by two jurors and told in a tone of derision that I appear only for guilty defendants". While the judge declined to dismiss the entire panel of veniremen because of this allegation, he informed counsel that he would question the prospective jurors concerning their possible prejudice. Moreover, appellant's counsel made no attempt to identify the two individuals who had spoken to him nor did he indicate whether they were on the panel eventually chosen.

2. We do not mean to imply that any particular series of questions would necessarily have to be asked for the voir dire to be adequate; the sufficiency of a voir dire can only be determined in function of the unique facts of a particular case.

that you might feel prejudice against a client that particular counsel represents in this case? . . ." [3]

■ We are persuaded that the voir dire examination of the prospective jurors was sufficiently "extensive and probing," *Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759, 771 (1965). We note also that appellant's counsel neither proposed any questions [4] for the court to ask nor did he specifically object to the contents of the voir dire examination conducted by the court.[5]

We conclude that appellant was not deprived of his right to trial by an impartial jury and that the judgment of the district court must be affirmed.

**3.** Appellant observes that the last question quoted here was addressed only to those prospective jurors who had been members of panels before which appellant's counsel had previously appeared and thus was not addressed to those prospective jurors who had not been on such previous panels. He then contends that the voir dire was defective for its failure to inquire whether the minds of the newly arrived prospective jurors might have been contaminated by conversations with the "old hands." Given the general tenor of the voir dire, however, and also appellant's failure to object on this point at the bench conference held after the voir dire, we find this argument unpersuasive. Moreover, we note that the court did address this question to the new members of the panel: "[B]ased on the questions and comments of the Court, is there any reason, knowing the type of case this is, the parties and counsel, why any of you, if you are allowed to sit as voting members, could not act fairly and impartially in this case?"

**4.** Both *United States v. Lewin*, 467 F.2d 1132 (7th Cir. 1972) and *United States v. Dellinger*, 472 F.2d 340 (7th Cir. 1972), *cert. denied*, 410

U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973), cited by appellant, involved refusals by the trial court to ask the veniremen some or all of the questions proposed by the defendants.

We do not imply, however, that had appellant's counsel proposed specific questions the court would have been bound to pose all or any of them to the jury. It lies within the sound discretion of the district court to determine whether or not to ask proposed questions. "Federal Rule Crim. Proc. 24(a) permits a district court to conduct the *voir dire* examination, making such use of questions submitted by the parties as it deems proper." *Hamling v. United States*, 418 U.S. 87, 139, 94 S.Ct. 2887, 2918, 41 L.Ed.2d 590, 633 (1974).

**5.** The issue of the jurors' ages was not directly addressed on this appeal. Nevertheless, we think it appropriate to comment that nothing in the record would indicate that there was any violation of the principles set forth in *United States v. Butera*, 420 F.2d 564 (1st Cir. 1970). *See also Hamling v. United States, supra* at 137, 94 S.Ct. at 2917, 41 L.Ed.2d at 632.