**Peter PARENTO, Plaintiff, Appellant,**

v.

**Victor A. PALUMBO, Defendant, Appellee.**

**No. 81–1168.**

United States Court of Appeals, First Circuit.

Submitted Jan. 8, 1982.

Decided April 13, 1982.

Rehearing Denied May 10, 1982.

**4**

George T. Bolger, Fall River, Mass., Meyer Goldman, Boston, Mass., and John R. Mitchell, Fall River, Mass., on brief for plaintiff, appellant.

Robert J. Reynolds, Frank A. Smith, III, and Herlihy & O'Brien, Boston, Mass., on brief, for defendant, appellee.

Before COFFIN, Chief Judge, and BOWNES and BREYER, Circuit Judges.

BOWNES, Circuit Judge.

This is an appeal from a judgment entered for defendant following a jury trial of a wrongful death action claiming medical malpractice. We consider the points on appeal in the order presented in appellant's brief.

[We omit from publication certain sections of the opinion as being without precedential value.]

▮▮▮ The third point on appeal is that the district court should have asked the following requested questions of the jury on voir dire:

"Does any juror have a member in his family who . . . works for . . . a provider of insurance?

"Is any juror related to a . . . provider of . . . insurance?

"Is any juror, or any member of his family, engaged in the casualty or liability insurance business, or as a claims adjuster?"

Appellant argues that we should recognize realistically that most, if not all, jurors are aware that physicians as medical malpractice defendants are insured and that questioning tending to confirm this impression would therefore be harmless. At the same time, plaintiff has a right, it is argued, to have a jury without financial ties to the insurance industry. We recognize that many circuits and most states agree with this rationale and permit trial courts to pose questions such as those proposed in this case. See, e.g., Wichmann v. United Disposals, Inc., 553 F.2d 1104, 1108–09 (8th Cir. 1977); Socony Mobil Oil Co. v. Taylor, 388 F.2d 586, 589 (5th Cir. 1967) (citing cases); Annot. & Supps., 4 A.L.R.2d 761, 792. However, the question before us is not whether such questions are permissible, but whether the district court abused its discretion in refusing to pose them. "The extent of voir dire is a matter largely for the

district court's sound discretion." *Eastern Renovating Corp. v. Roman Catholic Bishop of Springfield*, 554 F.2d 4, 8 (1st Cir. 1977); *accord, United States v. Guillion*, 575 F.2d 26, 30–31 (1st Cir. 1978); *United States v. Desmarais*, 531 F.2d 632, 633 (1st Cir. 1976). In the present case it was the district court's duty to

> "strike a balance between the probability of danger to plaintiffs that someone sympathetic to insurance companies may remain on the jury and the danger to defendant that the jury may award damages without fault if aware that there is insurance coverage to pay the verdict."

*Langley v. Turner's Express, Inc.*, 375 F.2d 296, 297 (4th Cir. 1967); *accord, Louisville & N.R. Co. v. Williams*, 370 F.2d 839, 842 (5th Cir. 1966). Several circuits have held there was no abuse of discretion where the court refused to probe for insurance connections. *Hinkle v. Hampton*, 388 F.2d 141, 144 (10th Cir. 1968); *Langley, supra.*

We recognize that the Third Circuit requires such questioning. *Milwaukee Gear Co. v. Chas. Benjamin, Inc.*, 466 F.2d 588, 592–93 (3d Cir. 1972); *Kiernan v. Van Schaik*, 347 F.2d 775, 782 (3d Cir. 1965). We note, however, that in both cases the questions were identical and were confined to asking jurors about direct employment by, or stockholding in, an insurance business. Indeed, the court in *Milwaukee Gear* made the point that the questions on that case were taken verbatim from *Kiernan* which it was not prepared to overrule. 466 F.2d at 593. In the case at bar the questions are broader, seeking less direct relationships involving family members of a juror. Even the third question, which asks a *Kiernan*-type question about a juror's employment, is linked to a query involving "any member of his family". This is not the kind of foundation on which we would erect a *per se* rule.

Here we cannot say that the district court abused its discretion. The court might well think that injection of the insurance issue would signal the presence of an insurance company behind the scenes, the effect of which communication the court might then feel obliged to neutralize with an instruction. All such talk of insurance might be thought to have no effect but to indelibly highlight the fact of insurance for the jurors with the danger of it subtly affecting their deliberations. Particularly where, as here, the court on voir dire asks in general terms that jurors volunteer any information which might affect their neutrality and not sit if they feel unable to be impartial, and then instructs on the need to decide the case solely on the basis of the evidence, the court may dispense with questions such as those requested by appellant.

*Affirmed.*