**UNITED STATES of America, Appellee,**

v.

**George N. COLLATOS,
Defendant, Appellant.**

No. 85–1932.

United States Court of Appeals,
First Circuit.

Argued June 4, 1986.

Decided Aug. 12, 1986.

William A. Brown, with whom Brown and Prince, Boston, Mass., was on brief, for appellant.

Joseph M. Lawless, with whom Stephanie Duncan-Peters, Public Integrity Section, Dept. of Justice, was on brief, for appellee.

Before BOWNES, Circuit Judge, BROWN,* Senior Circuit Judge, and BREYER, Circuit Judge.

JOHN R. BROWN, Senior Circuit Judge.

In this appeal, George Collatos seeks review of his conviction of one count of perjury. He has raised three issues on appeal, none of which has sufficient merit to overturn his conviction. We, therefore, affirm.

### How it All Happened

In September of 1979, Collatos appeared as an immunized government witness at the extortion trial of Theodore Anzalone, an aide to former Mayor Kevin White of Boston. On cross-examination, Collatos suffered a severe "lapse of memory" with regard to a clandestine meeting clearly set up by Anzalone's counsel and which Collatos had attended with Anzalone at La Bella's coffee shop in Boston's North End.[1] The content of that conversation formed the crux of Anzalone's defense. Collatos, the government's star witness, was thoroughly impeached by his "lack of recall" on cross-examination and Anzalone was subsequently acquitted.

Six months after Anzalone's acquittal, Collatos was indicted for perjury. The indictment charged that Collatos falsely testified that he did not remember his critical meeting with Anzalone at La Bella's. Col-

latos was subsequently convicted of the charge against him, but he contends that his trial was tainted by three errors of the District Court. He first argues that the Court erred in treating the materiality of his statements as a question of law rather than as one of fact for jury determination. Second, he contends that the closing argument of the government constituted improper comment upon his silence at trial. Finally, he takes issue with the Court's refusal to include certain of his requested interrogatories in its voir dire of the jury.

### Materiality: Law or Fact

■ Collatos first asserts that the trial court erred in treating the issue of materiality as a question of law. Such an approach operates to deny him his right to a jury determination of all of the essential elements of the offense with which he was charged. Whatever the conceptual merit of this argument, it has long since been foreclosed by the opinion of the Supreme Court in *Sinclair v. United States*, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1929). In *Sinclair*, the Court stated that a question of materiality "is rightly decided by the Court as [a question] of law." *Id.* at 298, 49 S.Ct. at 273, 73 L.Ed. at 700. Every Circuit Court of Appeals,[2] including the First Circuit,[3] has followed the mandate of *Sinclair* and, in a perjury case, treated the issue of the materiality of a false statement as a question of law. In this case, we are compelled by our own precedent, and by *Sinclair*, to do likewise.

We recognize, as did the Fifth Circuit, that *Sinclair* represents an historical ex-

---

* Of the Fifth Circuit, sitting by designation.

1. The meeting was carefully staged by Anzalone's defense counsel with a couple of overhearers concealed from Collatos' view. In the meeting Collatos demanded $200,000 to influence his testimony at the then pending trial of Anzalone.

2. *See United States v. Bridges,* 717 F.2d 1444 (D.C.Cir.1983); *United States v. Masters,* 484 F.2d 1251 (10th Cir.1973); *Vitello v. United States,* 425 F.2d 416 (9th Cir.1970); *United States v. Armilio,* 705 F.2d 939 (8th Cir.1983);

*United States v. Picketts,* 655 F.2d 837 (7th Cir. 1981); *United States v. Richardson,* 596 F.2d 157 (6th Cir.1979); *United States v. Gremillion,* 464 F.2d 901 (5th Cir.1972); *United States v. Paolicelli,* 505 F.2d 971 (4th Cir.1974); *United States v. Weiler,* 143 F.2d 204 (3d Cir.1944), *rev'd on other grounds,* 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945); *United States v. Marchisio,* 344 F.2d 653 (2d Cir.1965).

3. *See United States v. Scivola,* 766 F.2d 37 (1st Cir.1985).

ception to the fundamental principle that "the judge must submit every essential element of the offense to the jury." *United States v. Johnson*, 718 F.2d 1317, 1323 (5th Cir.1983) (*en banc*). We are not free, however, to stray from the law as interpreted by the Supreme Court. Thus, although courts might be reluctant to "expand *Sinclair*'s sweep at the expense of the accused's right to interpose the jury between himself and the judge," *id.* at 1324, in this case—which is squarely on point with *Sinclair*— we apply its mandate and uphold the decision of the district judge.

*Improper Argument*

■ It is hornbook law that a prosecutor, in closing argument, is at liberty to strike hard blows but not foul ones. *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314, 1321 (1935). In this case, Collatos contends that the prosecutor hit below the belt when he stated in his closing argument "Now, I suppose it's a good defense, or at least it can be, to attack the government when you have no other defense." Without disclaiming that this was inaccurate or, indeed, that he had any particular defense,[4] Collatos asserts that this argument was an improper comment upon his silence in violation of the rule in *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). We disagree.

■ A claim of improper argument is evaluated under a "harmless error" standard. *United States v. Hasting*, 461 U.S.

499, 510–11, 103 S.Ct. 1974, 1981, 76 L.Ed.2d 96, 107 (1983).[5] This is so because there is no such thing as an error-free trial and, in the setting of a particular case, even some constitutional errors "are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless." *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 709 (1967). In this case, we are convinced that if—and the if is a very big one—there was any *Griffin* error, it was harmless.

In *Griffin*, the Supreme Court held that the Fifth Amendment to the Constitution "forbids either comment by the prosecution on the accused's silence, or instructions by the Court that such silence is evidence of guilt." 380 U.S. at 615, 85 S.Ct. at 1233, 14 L.Ed.2d at 110. The comment made by the prosecutor, however, was at worst an equivocal remark upon Collatos' lack of a defense,[6] rather than even a whisper of an intimation regarding his failure to testify. It was uttered in response to a scathing defense attack upon the manner in which the government had conducted its investigation, and, in context, it appears that the government was merely attempting to buttress its contention that there was no reasonable doubt, indeed no doubt at all, regarding Collatos' guilt.

We have reviewed the whole record and are satisfied beyond a reasonable doubt that if—and the if is again a very big if—there was any error in the prosecutor's remarks, it was harmless.

---

**4.** Indeed, at oral argument his counsel, with commendable candor, acknowledged that at the trial he had no defense.

**5.** The Government contends that the closing argument of its prosecutor must be evaluated under the "plain error" standard of *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), because defense counsel failed contemporaneously to object to the allegedly improper comment at the time it was made. Its position, however, is incorrect since defense counsel did object at the time the comment was made. When the objection was made, however, the Court stated: "I'll reserve all of your objections so you won't be constantly interrupting and then I'll allow you to come to the side and ask

for corrections." In light of the Court's statement, we treat the objection as having been made and the asserted error in the argument is evaluated under the harmless error standard of *Hastings*, rather than the plain error standard of *Young*.

**6.** In context, the statement did no more than remark upon a fact already abundantly apparent to the jury and virtually conceded by his counsel, *see supra* note 4, that Collatos truly had put on no defense, although his counsel did vigorously cross-examine the Government's witnesses. The prosecutor did no more than verbalize what the jury had already observed with their own eyes.

*Invitation for Reversal*

The final issue raised by Collatos concerns the voir dire of prospective jurors by the trial judge. Collatos had requested that the following two questions be directed to the venire members in order to probe their attitudes towards perjury:

> (1) If the evidence in this case were that defendant had a prior conviction for perjury, would that affect your judgment in any way if no other credible evidence were produced by the government?;
>
> (2) if the evidence in this case were that defendant had been convicted of both perjury and extortion, would that affect your judgment in any way if no other credible evidence were produced by the government?

The District Court declined to ask the proposed questions. The judge reasoned that if there was truly no evidence of guilt other than Collatos' prior convictions, Collatos would be entitled to an acquittal as a matter of law on the grounds that his prior convictions constituted only impeachment evidence. Collatos contends, however, that the refusal to ask the proposed questions was an abuse of discretion. We disagree.

A defendant is not entitled to have specific questions directed to the jurors on voir dire. *Ristaino v. Ross*, 424 U.S. 589, 594–95, 96 S.Ct. 1017, 1020, 47 L.Ed.2d 258, 263 (1976). Indeed, "the latitude and manner of voir dire examination is within the sound discretion of the district judge ... subject to the essential demands of fairness." *United States v. Desmarais*, 531 F.2d 632, 633 (1st Cir.1976) (quoting *United States v. Gassaway*, 456 F.2d 624, 626 (5th Cir.1972)). *See also Parento v. Palumbo*, 677 F.2d 3 (1st Cir.1982); *Eastern Renovating Corp. v. Roman Catholic Bishop of Springfield*, 554 F.2d 4 (1st Cir. 1977). Collatos has failed to persuade us that the District Court's voir dire was insufficiently probing to satisfy the essential demands of fairness.

The questions proposed by Collatos would have placed the issue of his convic-

tions before the jury prior to the time he testified at trial. Evidence of a prior conviction for perjury is generally admissible only to impeach the credibility of a witness who has already testified, Fed.R.Evid. 608, or under limited circumstances, as proof of other acts that are indicative of intent, motive, or identity. Fed.R.Evid. 609. Had the trial judge raised the issue of the prior convictions in the voir dire, before Collatos even took the witness stand, and worse, even before the trial began, he ran the risk of tainting the trial irreparably. We are hard pressed to discern how the District Court's decision to avoid that risk constituted an abuse of discretion.[7] The Court below could properly exclude the requested questions from the voir dire.

*Conclusion*

The actions of the District Court were correct.

AFFIRMED.

---

7. Indeed, defense counsel successfully objected to the introduction of the conviction when the Government sought to introduce it under Fed.R. Evid. 404(b).