James A. HORSEY, Jr. and Tina Jo Horsey, his wife, Appellants,

v.

MACK TRUCKS, INC. and Cunningham Enterprises Corporation and Transcraft Corporation, Appellees.

No. 88–6017.

United States Court of Appeals, Third Circuit.

Argued June 8, 1989.

Decided Aug. 25, 1989.

Rehearing Denied Nov. 2, 1989.

Robert E. Daniels (argued) Daniels, Saltz & Mongeluzzi, Ltd., Philadelphia, Pa., for appellants.

Kevin J. Connors (argued), Liebert, Short & Hirshland, Philadelphia, Pa., for appellee, Transcraft Corp.

E. Douglas Sederholm (argued), Alan L. Calnan and White and Williams, Philadelphia, Pa., for appellee, Mack Trucks, Inc.

Before BECKER, STAPLETON and GARTH, Circuit Judges.

### OPINION OF THE COURT

GARTH, Circuit Judge:

Plaintiffs/appellants James and Tina Horsey ("Horsey") appeal from the district court's May 26, 1988 judgment entered pursuant to a jury verdict in favor of defendants/appellees Mack Trucks, Inc. ("Mack") and Transcraft Corporation ("Transcraft"). Horsey's motion for a new trial was denied on December 5, 1988. Horsey's notice of appeal was filed on December 27, 1988. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

### I.

Horsey was employed by Ole Hansen & Sons, Inc., as a wharf and dock builder at a Cape May–Lewes Ferry construction site. On October 20, 1983, while unloading bundles of steel sheets from a flat bed tractor trailer, Horsey suffered a serious injury to his right hand and wrist. The injury occurred when the tractor and trailer unexpectedly backed-up and crushed Horsey's right hand between the steel sheets he was unloading and the rear most portion of the rig. The tractor was manufactured by Mack and the trailer by Transcraft.

Horsey filed suit in the United States District Court for the District of New Jersey against Mack and Transcraft on June 25, 1986. His basic contention was that because the tractor had not been equipped with a back-up warning alarm (a beeper) that would have alerted him when the tractor went into reverse, Horsey was injured. On May 25, 1988, after an eight day trial, the jury returned a verdict in favor of Mack and Transcraft.

Thereafter, Horsey filed a Rule 59 motion for a new trial.[1] Horsey argued that he was entitled to a new trial because (1) the district court failed to ask prospective jurors certain voir dire questions pertaining to their employment in, or relating to, the insurance industry; (2) the district court improperly excluded evidence of other acci-

dents involving Mack trucks; (3) the district court barred Horsey from questioning defendants' expert witness about certain OSHA regulations; (4) the district court failed to allow into evidence certain photographs of Horsey's injured hand; (5) the district court refused to allow into evidence an engineering diagram of a back up bell; and (6) the district court erred in its jury instructions. Horsey's motion for a new trial was denied on December 5, 1988. Horsey appealed.

### II.

In his brief on appeal, Horsey argued before us essentially the same points of error that he had presented to the district court in his motion for a new trial. We have considered each of Horsey's contentions involving claimed erroneous jury instructions and trial errors and, with one exception, have concluded that no detailed discussion is warranted. We are satisfied that the district court neither abused its discretion nor erred in its rulings. The one claimed error that we feel obliged to discuss is Horsey's contention that the district court erred in its *voir dire* of jurors when it refused to question prospective jurors about their relationship to the insurance industry.

### III.

Horsey argues that the district court committed reversible error when it refused to ask prospective jurors the following questions on *voir dire:*

13. Are any of you or members of your immediate families employed by a company engaged in the casualty or liability insurance business?

14. Are any of you or members of your immediate families stockholders in any company engaged in the casualty or liability insurance business?

15. Are any of you or members of your immediate families now employed, or have any of you or members of your immediate families ever been employed, as a claims adjuster or in any other ca-

---

1. Horsey's motion is not reflected on the docket sheet.

pacity by a company or concern which, in whole or in part, is engaged in the casualty or liability insurance business?

Horsey contends that the district court was required to propound these questions pursuant to this court's opinion in *Kiernan v. Van Schaik*, 347 F.2d 775, 778 (3d Cir. 1965). In that case, we reversed the judgment of the district court on the ground that the district court committed reversible error when it refused to ask prospective jurors the following *voir dire* questions proposed by Kiernan, the plaintiff:

1. Are any of you employed by or stockholders in an insurance company which is engaged in the casualty insurance business?

2. Are any of you engaged in the general insurance agency business or are any of you an agent for a casualty insurance company?

3. Have any of you ever worked as a claims investigator or insurance adjuster?

The *Kiernan* court expressed particular concern about the procedure employed by the Delaware district court which had adopted the Delaware state court practice of not conducting an extensive *voir dire*. *Id.* at 778–80. Nevertheless, the specific holding of the *Kiernan* court was addressed to the three questions quoted above. The *Kiernan* court stated:

We hold, therefore, that in order to exercise intelligently his limited number of peremptory challenges and to determine whether ground exists for challenge for cause, a plaintiff in an accident case may make reasonable inquiry whether prospective jurors are or have been connected with the business of investigating or paying accident claims, either as employees, agents or stockholders of insurance companies or claims agencies without suggesting the existence of insurance in the case.

*Id.* at 782.

Our Internal Operating Procedures,[2] flatly prohibit a panel of this court from over-

ruling a published opinion of a previous panel. *United Food and Commercial Workers Union, Local 23 v. N.L.R.B.*, 788 F.2d 178, 182 (3d Cir.1986) *rev'd* 484 U.S. 112, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987), *on remand* 840 F.2d 171 (3d Cir.1988). Thus, unless the instant appeal may be distinguished from *Kiernan* or until *Kiernan* is overruled by an *in banc* decision, *Kiernan* remains the law of this circuit; the district courts and this court are bound to its holding. Horsey therefore, argues that the district court erred in failing to adhere to *Kiernan*'s holding. We now turn to a consideration of that argument.

## IV.

At the time of oral argument, the record and hence the appendix filed in this appeal, did not contain any transcripts of the *voir dire* conducted by the district court. Nor did the record reveal the district court's colloquy with counsel concerning *voir dire* questioning of jurors, the district court's ruling on Horsey's proposed *voir dire* questions, the district court's reasoning giving rise to its rulings, or the objections, *if any*, made by Horsey to the district court's rulings. We therefore instructed counsel to file supplemental memoranda setting forth the state of the record, explaining which party bore the burden of producing a *voir dire* record, discussing our standard of review and the ultimate question of whether the district court committed reversible or harmless error in refusing to examine prospective jurors on questions 13, 14, and 15 proposed by Horsey.

In response to our request, Horsey provided a transcript of the *voir dire* which had apparently been ordered at one time, but which had not been transcribed. Horsey also provided us with the proposed *voir dire* questions which he filed with the district court. A review of these questions reveals that Horsey proposed 28 separate

---

**2.** IOP Chapter 8C. Policy of Avoiding Intra–Circuit Conflict of Precedent.

It is the tradition of this court that reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court in banc consideration is required to overrule a published opinion of this court.

questions, including questions 13, 14, and 15 quoted above.

Thus, as the appeal is presented to us, the parties have agreed that Horsey *had* submitted questions 13, 14, and 15 to the district court but the district court did not ask the jurors to answer those questions. The district court explained its position in its opinion denying Horsey's motion for a new trial, stating that *Kiernan* was distinguishable because the court in *Kiernan* refused to conduct any *voir dire* whereas here, a thorough *voir dire* was conducted. (A.416–17). The district court also noted that most of the substance of the *Kiernan* questions was covered by its own questions concerning each juror's occupation and the occupations of their spouses and children. The district court acknowledged that this did not cover Horsey's proposed question 14, which asked about stock ownership in an insurance business. It nevertheless held that omitting such a question, if error, did not prejudice Horsey. (A.418).

We take a somewhat different view of the issue as it is presented to us on appeal. Although we agree that the district court's *voir dire* was comprehensive and embraced many of the elements of the *Kiernan* questions, we do not rest our decision on that ground. Rather, under our plenary review, we affirm the district court on the ground that Horsey did not establish that he had adequately preserved the *Kiernan* issue.[3]

### V.

With the *voir dire* transcript supplement before us, Mack and Transcraft argue that Horsey failed to preserve the *Kiernan* issue for appeal, claiming that no objection to the district court's rulings on questions 13, 14, and 15 appear of record. Indeed, they argue that the record is silent as to whether Horsey even brought the *Kiernan* case to the attention of the district court.[4] Thus, Mack and Transcraft conclude that Horsey's argument that the district court committed *per se* reversible error when it

did not ask the jurors any of the insurance questions proposed by Horsey cannot succeed because Horsey failed to preserve his objections. We agree.

It has long been the practice of this court that for errors to be reviewable on appeal they must first be raised below.

> The law requires that errors, to be reviewable, must have been definitely and timely called to the attention of the trial court, in order to afford that court a fair opportunity to pass upon the matter, and correct its own errors, if any. The purpose is to require counsel, at the proper time, to call the attention of the court to the claimed error with sufficient certainty and definiteness for the court to understand clearly the precise action of the court which is attacked, or the precise action of the court which is attacked, or the precise action of the court which is sought to be obtained.

*Shepler v. Crucible Fuel Co.*, 140 F.2d 371, 374 (3d Cir.1944) (quoting *Arkansas Bridge Co. v. Kelly–Atkinson Construction Co.*, 282 F. 802, 804 (8th Cir.1922). In *Blount v. Plovidba*, 567 F.2d 583 (3d Cir. 1977), *inter alia*, the plaintiffs claimed that the district court erred in charging the jury with two of the defendants' requests for charge. The defendants argued that no objections to those charges were lodged by the plaintiffs before the district court. We stated:

> Our examination of the record leaves us in substantial doubt as to whether plaintiff brought his objections to the attention of the district judge. Thus, we do not know whether the trial judge would have given the questioned instructions had he been made aware of the nature of plaintiff's present objections. In these circumstances we think that it would be imprudent to rule on such issues without the benefit of a clear ruling by the trial judge.

*Id.* at 586.

Other courts of appeals which have faced preservation issues similar to the issue

---

**3.** We can affirm a correct decision of the district on a ground different than the ground relied upon by the district court. *See PAAC v. Rizzo*, 502 F.2d 306, 308 n. 1 (3d Cir.1974).

**4.** Although the supplemental briefs advert to a *voir dire* chambers conference, no such conference is disclosed in the record.

presented in the instant case, have concluded that it is the burden of the objecting party to ensure that its objection is made part of the record and a failure to do so will prove fatal on appeal. In *Hicks v. Mickelson*, 835 F.2d 721 (8th Cir.1987), Hicks argued on appeal that the district court, after conducting its own interrogation of prospective jurors, had imposed improper time limits on her counsel's questioning of specific jurors. Hick's counsel's request before the district court for more time to question prospective juror's, was made in an off-the-record conference. On appeal, Hicks submitted an affidavit which stated that the district court had denied the request for more time. In addressing the off-the-record procedure as recounted in Hick's affidavit, the Eighth Circuit noted that:

> ... as this discussion took place off the record, we do not know nor may we consider what actually took place during the conference. Nor may we consider counsel's affidavit or statements contained in the briefs to supplement the record. *United States v. Drefke*, 707 F.2d 978, 983 (8th Cir.), *cert. denied* succinctly stated, speaking for our court, "[t]he appeal is to be determined upon the record below." *Stearns v. Hertz Corp.*, 326 F.2d 405, 408 (8th Cir.), *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).

> Furthermore, it does not appear from the record that counsel for Mrs. Hicks objected to the limitation of voir dire. It is incumbent upon counsel to make his record for appeal even if he believes that objecting to the actions of judge or counsel will give offense either to the court or to the jury. In order for us to review challenges of the district court's rulings, the district court must be advised by counsel on the record of his objection and of the relief requested....

*Id.* at 724. The *Hicks* court then went on to review the district court's limitation of *voir dire* under the plain error standard and held that plain error had not been committed.

Similarly in *United States v. Blosvern*, 514 F.2d 387 (9th Cir.1975), Blosvern submitted to the district court a proposed list of *voir dire* questions. The district court declined to ask all but one of those questions. Though Blosvern failed to object to the district court's failure to ask his submitted *voir dire* questions, on appeal Blosvern nevertheless asserted this point as reversible error. The Ninth Circuit "decline[d] to consider the merits, if any, of counsel's claim of error." *Id.* at 389. We agree with the court's statement that:

> In preparing a list of proposed questions to jurors, counsel will often submit questions which are such that the court could well decide to use them, but which are also such that it cannot be an abuse of discretion to fail to use them. If there are particular questions that counsel deems essential, and such that refusal to put them [to the *venire*] may be reversible error, counsel must tell the court so, and state his reasons, before the examination of the jurors is completed. Otherwise, counsel's list may be a trap for an unaware judge, because counsel has not given him a fair chance to avoid error before it is too late.

*Id.* See also *King v. Jones*, 824 F.2d 324, 326 (4th Cir.1987) (Appeal failed where counsel did not preserve issue when he failed to object to judge's refusal to ask his proposed *voir dire* questions).

In the present case because the record is silent, we cannot tell whether Horsey called the district court judge's attention to the holding of *Kiernan v. Van Schaik*. Indeed, our independent examination of the entire record fails to disclose anything in the record which could be taken as a preservation of the *Kiernan* issue. The most we can glean from the record is the district court's discussion of *Kiernan* in its post-trial opinion and his attempt to distinguish that case from the *voir dire* conducted here.

It is true that the questions propounded in *Kiernan* differ somewhat from the questions Horsey submitted for juror examination. Indeed, Mack and Transcraft argue that Horsey's questions were broader than those before the court in *Kiernan*. They point out that the questions in *Kiernan* did

not encompass family members or past employment. They argue that Horsey's broad questioning is not required by *Kiernan.* In support of their position, Mack and Transcraft cite us to *Parento v. Palumbo,* 677 F.2d 3 (1st Cir.1982). In that case, the First Circuit distinguished "family member" questions from the questions involved in *Kiernan* and held that the *Parento* district court did not abuse its discretion in refusing to ask about family members' relationships with the insurance industry.

Mack and Transcraft also argue that the district court conducted an exceedingly comprehensive *voir dire* examination which in many respects uncovered the information which Horsey's questions were designed to elicit. They emphasize that the district court in the present case asked prospective jurors about their occupations, their spouses' occupations, and the occupations of their children as well as general questions about whether there was anything in the jurors' backgrounds which might prevent them from rendering a fair verdict. In this respect, Mack and Transcraft stress that when a juror actually disclosed her connection to the insurance industry, Horsey did not strike her from the jury.

Nevertheless, we are not satisfied that the district court conducted the *voir dire* in accordance with the *Kiernan* holding once the *Kiernan* questions were proposed. While First Circuit jurisprudence such as *Parento* is persuasive, it is not binding on the courts of the Third Circuit where the issue has previously been decided otherwise. Until such time as *Kiernan* is overruled, the *voir dire* questions which *Kiernan* has approved must be included in a *voir dire* examination, when they are requested by counsel, as they were here.

We are certain that had Horsey called attention to the unequivocal holding of *Kiernan* at the time the district court considered his 28 proposed questions, the district court undoubtedly would have included the contested questions 13, 14, and 15 in its examination of the jurors. The record however reveals that Horsey neither acquainted the district court with the prevailing Third Circuit jurisprudence in this area nor made it clear that he still objected to the district court's *voir dire.* Under the Federal Rules of Appellate Procedure, Horsey bore the burden of insuring that all materials on which he sought to rely were part of the record on appeal. *See* Fed.R. App.P. 10(b), 11(a); *United States v. Hart,* 729 F.2d 662, 671 (10th Cir.1984); *United States v. Gerald,* 624 F.2d 1291, 1295–96 n. 1 (5th Cir.1980). Horsey cannot be deemed to have preserved a challenge to the *voir dire* by now asserting arguments which do not appear of record.

Thus, given this failure on the part of Horsey to carry his burden of preserving the *Kiernan* issue for appeal, we can only review Horsey's *Kiernan* claim as plain error. *See Hicks v. Mickelson,* 835 F.2d 721 (8th Cir.1987). In light of the comprehensive *voir dire* that the district court conducted—a *voir dire* that substantially developed information from the jurors similar to the information sought in *Kiernan*—we cannot conclude that to the extent the district court failed to ask Horsey's proposed questions 13, 14, and 15, that failure constituted a manifest injustice sufficient to establish plain error. Accordingly, we will not reverse the district court's judgment in favor of Mack and Transcraft.

## VI.

We will affirm the district court's judgment of May 26, 1988 and the district court's order of December 5, 1988 which denied Horsey's motion for a new trial.

Costs will be taxed against the appellant Horsey.