**Evelyn HINKLE, Appellant,**

v.

**Marcus L. HAMPTON, Appellee.**

v.

**No. 9496.**

United States Court of Appeals
Tenth Circuit.

Feb. 1, 1968.

Rehearing Denied March 8, 1968.

Jack I. Gaither and Tom N. Klentos, Tulsa, Okl., for appellant.

Best, Sharp, Thomas & Glass, Tulsa, Okl., for appellee.

Before HILL and SETH, Circuit Judges, and DOYLE, District Judge.

WILLIAM E. DOYLE, District Judge.

Plaintiff appellant seeks reversal of a verdict and judgment in her favor which was in the amount of $500.00. How much more she had sought does not appear in the record which is before us, but undoubtedly her demand exceeded substantially the amount awarded. Although she does not specifically complain that the amount is legally inadequate, it is nevertheless plain that this is the main source of her dissatisfaction.

The appeal is limited in scope, and therefore it is unnecessary to relate the facts in detail. It will be sufficient to mention that the action arises from an automobile intersection collision which occurred on May 19, 1963 in Tulsa, Oklahoma. Plaintiff was a passenger in a car which was being driven by her son. She testified that they had been stopped for a red light and when the light turned green they started up and were struck by a car as they attempted to cross the intersection. Reversal of the judgment of the district court is sought on the basis of alleged trial errors. It is contended that the trial court committed prejudicial error in its refusal to question prospective jurors on voir dire concerning:

1. Whether they would give equal weight to testimony of medical doctors and osteopathic doctors.

2. Whether they were stockholders in an insurance company engaged in the casualty insurance business, and whether they were engaged in the general insurance agency business or as an agent for a casualty insurance company.

A further contention is that the trial court erred in receiving evidence concerning a prior accident in which appellant had made a claim and had received a settlement.

### I

### *The Osteopath Question*

The question which appellant tendered and on which she predicates error reads as follows:

"Do all members of the panel have the same confidence in osteopathic physicians and medical doctors and would they give equal credence to a member of either profession who tes· tified as a witness in this case?"

Appellant acknowledges the impropriety of questioning jurors as to the weight they would give to one particular witness as opposed to another, but contends that the court must adopt a proposed question which probes whether equal credence will be given to classes of witnesses. The sole authority relied on is Sellers v. United States (1959), 106 U.S.App.D.C. 209, 271 F.2d 475. There it was held that the trial judge abused his discretion in refusing to ask the jury whether "any of the jurors (are) inclined to give more weight to the testimony of a police officer merely because he is a police officer than other witnesses in the case?"

But the question here is not directed to the credibility of the two classes of witnesses. In substance it seeks a commitment that the jurors will give "equal credence" to the expert witnesses regardless of factors other than their professions.

In Chavez v. United States (10th Cir. 1958), 258 F.2d 816, cert. den. sub. nom. Tenorio v. United States, 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577, this Court held that the trial court had not erred in refusing to ask the jurors:

"Would any of you place a greater amount of weight upon the testimony of law enforcement officers over that of the defendants?"

The question now under consideration was specifically and cogently considered:

"Jurors have a right and duty to determine credibility and to believe, in a particular case, the testimony of a law enforcement officer over that of a defendant. They did just that in the instant case. A voir dire examination cannot search the result of the case in advance."

■ In the case at bar as in the *Chavez* case plaintiff sought to secure a pledge from the jurors as to the amount of credit which they would certainly give to particular witnesses. Had the question been whether the jurors would have credited a medical doctor over an osteopath simply because he was a medical doctor, or if it had been an inquiry whether the jurors would discount the testimony of an osteopath simply because he was an osteopath, the *Sellers* principle would be pertinent. Plaintiff's question, if followed out, could have restricted the jury's deliberations. It is obvious that plaintiff was not, therefore, entitled to have the tendered question. The trial court properly refused it.

### II

### *Voir Dire As To Insurance Connection*

Appellant next complains about the refusal of the trial court to interrogate the jury on the questions whether any of them were stockholders in an insurance company engaged in the casualty insurance business, or whether any of the jurors were engaged in the general insurance agency business or as an agent for a casualty insurance company. The exact questions submitted were numbered "6" and "7" on the plaintiff's list. They read as follows:

"6. Are any of you employed by or stockholders in an insurance com-

pany which is engaged in the casualty insurance business?"

"7. Are any of you engaged in the general insurance agency business or are any of you an agent for a casualty insurance company?"

The trial court did ask the jurors Number 8 on Plaintiff's submission:

"8. Have any of you ever worked as a claims investigator or insurance adjustor?"

It does not appear in the record that there was any particular insurer in the background; nor does it appear that the defendant refused to identify the insurer if there was one. Notwithstanding this, the questions sought to probe jurors possible connection with insurance generally. Since defendant's contention is that the trial judge abused his discretion in refusing to propound the questions, the issue is whether such questions must be given in every injury case regardless of the particular circumstances and regardless of possible prejudice.

■ The general rule is that the scope and extent of the voir dire questioning rests in the sound discretion of the trial court. It is, of course, a discretion which is subject to review and reversal if it is not conducted fairly. Louisville & Nashville R. Co. v. Williams (5th Cir. 1966), 370 F.2d 839, 841; Smedra v. Stanek (10th Cir. 1951), 187 F.2d 892; Kiernan v. Van Schaik (3rd Cir. 1965), 347 F.2d 775; and Goosman v. A. Duie Pyle, Inc. (4th Cir. 1963), 320 F.2d 45.

In *Smedra,* supra, this Court held that the refusal to ask the jurors whether they had an interest in a particular insurer was not an abuse of discretion. That was a surgical sponge malpractice case. The Court pointed out that there had been no showing that any juror knew that the insurer had an interest in the case or was defending it and added:

"* * * Under these circumstances it cannot be said that the court's refusal to examine a jury with respect

to this matter was such an abuse of discretion as to require a reversal."

■ Other circuits have also held that the matter is one of discretion. Louisville & Nashville R. Co. v. Williams, supra; Langley v. Turner's Express, Inc. (4th Cir. 1967), 375 F.2d 296; Lentner v. Lieberstein (7th Cir. 1960), 279 F.2d 385. Appellant relies on Kiernan v. Van Schaik, supra, wherein the trial court refused to propound a series of five questions which had been submitted by the plaintiff in the case. These included verbatim questions 6, 7, and 8 of the appellant. The trial court had followed the local practice in Delaware which limited strictly the voir dire questioning. The court not only condemned the limiting practice. It said that insurance is at large in the world and should be brought out in the open and should not be allowed to be subject to whispering in the corridors and jury room. The effect of the *Kiernan* case is to do away with trial court discretion in this area. Since this is contra to our decision in *Smedra* which decision leaves the matter to the trial court's discretion and since we are not persuaded to follow Kiernan v. Van Schaik, we conclude that there was no error.

### III

*Evidence of the Former Accident*

■ Finally, appellant complains that the trial judge received in evidence the details of a prior accident in which she had been involved. We recognize that evidence of other or collateral transactions is not material and should not be received. But in the instant case appellant opened the door to this in her direct examination. She sought to minimize the extent of her injuries and underestimated the amount of the settlement. In fact her injuries had been relatively serious and were shown to be continuing. The trial court received the detail for the purpose of discrediting her as a witness. Under these circumstances it was not improper. See Atkinson v. Atchison, Topeka & Santa Fe Ry. Co. (10th Cir.), 197 F.2d 244.

There is an additional justification for receiving this evidence. Appellant had sought to minimize her previous involvement as a cause of her condition. The trial judge had discretionary authority to allow the defendant to meet this on an equally broad front by allowing the development of the true facts. On this theory the testimony was relevant to the main issues in the case.

The judgment is affirmed.