**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PENNY SMITH,

      Plaintiff-Appellant,

v.

VICORP, INC., a Colorado
corporation, dba Village Inn
Restaurants and BRAD LE BARON,

      Defendants-Appellees.

No. 96-4049

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 94-CV-170)

---

Submitted on the briefs:

Robert H. Wilde and Suchada P. Bazzelle of Robert H. Wilde, Attorney at Law,
P.C., Midvale, Utah, for Plaintiff-Appellant.

J. Rand Hirschi of Dunn & Dunn, Salt Lake City, Utah, for Defendant-Appellee
Vicorp, Inc.

M. James Brady of Bradford, Brady & Rasmussen, P.C., Provo, Utah, for
Defendant-Appellee Brad LeBaron.

Edward B. Havas and Paul M. Simmons of Wilcox, Dewsnup & King, Salt Lake
City, Utah, for Amicus Curiae Utah Trial Lawyers Association.

---

Before EBEL and HENRY, Circuit Judges, and DOWNES,[*] District Judge.

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

The sole issue we are required to decide in this appeal is whether the federal district court in Utah was required to ask questions on voir dire which are required by state law in all tort cases.  Because we hold that the content of questions on voir dire is a matter of federal law and that the district court did not abuse its discretion in propounding the questions it did ask in this case, we affirm.

Plaintiff Penny Smith brought her action under Title VII of the Civil Rights Act of 1964 alleging sexual harassment and three pendent claims including one for invasion of privacy.  A six-person jury reached a verdict adverse to plaintiff.  On appeal, plaintiff argues that it was reversible error for the district court to refuse to ask the venirepersons several specific questions designed to reveal what

---

[*]        Honorable William F Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

the parties generally refer to as "tort reform bias," that being bias against the awarding of large recoveries in tort cases because of some perceived detrimental effect on insurance premiums and the availability of insurance.

Resolution of this case turns initially upon whether the content of a question on voir dire is a matter of state or federal law. Federal Rule of Civil Procedure 47(a) provides:

> The court may permit the parties or their attorneys to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the parties or their attorneys to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions of the parties or their attorneys as it deems proper.

The scope and extent of voir dire is left to the sound discretion of the district court. See Hinkle v. Hampton, 388 F.2d 141, 144 (10th Cir. 1968);.Darbin v. Nourse, 664 F.2d 1109, 1113 (9th Cir. 1981)(citing Rule 47(a)).

In contrast to this broad grant of discretion, state trial courts in Utah are required to afford plaintiffs the opportunity to poll potential jurors for possible tort reform bias. See Barrett v. Peterson, 868 P.2d 96, 99-101 (Utah Ct. App. 1993)(holding that tort plaintiffs, after making an initial showing of possible prejudice, are entitled to ask specific first-tier questions and, depending on the answer, then move on to more specific, second-tier questions). Thus Utah law, requiring tort reform voir dire and specifically prescribing the contours of such,

conflicts with the broad discretion vested in federal judges to control the scope and extent of voir dire.

In <u>Hanna v. Plumer</u>, 380 U.S. 460, 471 (1965), the Supreme Court instructed that

> [w]hen a situation is covered by one of the Federal Rules [of Civil Procedure], . . . the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act[2] nor constitutional restrictions.

No one argues that Rule 47(a) is either unconstitutional or outside the scope of the Enabling Act. In fact, the Federal Rules of Civil Procedure are presumptively valid under the authority of <u>Burlington Northern R.R. v. Woods</u>, 480 U.S. 1, 5 (1987). We therefore hold that the content of voir dire in federal courts is controlled by Fed. R. Civ. P. 47(a) and is not subject to the dictates of any contrary state law. <u>See</u> <u>Perry v. Allegheny Airlines, Inc.</u>, 489 F.2d 1349, 1351-52

---

[2] The Rules Enabling Act delegated authority to the Supreme Court to promulgate the Federal Rules of Civil Procedure. The Enabling Act provides in pertinent part:

> (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts . . . and courts of appeals.

> (b) Such rules shall not abridge, enlarge or modify any substantive right.

28 U.S.C. § 2072.

(2d Cir. 1974) (stating that voir dire is governed specifically by Rule 47(a)); but see Lewis v. Holden, 821 F.2d 291, 294 (5th Cir. 1987)(noting federal court discretion but relying on state law as grounds for affirmance).

In its brief of amicus curiae, the Utah Trial Lawyers Association agrees with our conclusion that the content of a question on voir dire is a matter of federal law but urges us to adopt the Utah procedure regarding tort reform voir dire for the federal courts in Utah. We decline this invitation.

In Hinkle, 388 F.2d 141, a case involving damages from an automobile collision in Oklahoma, the plaintiff argued that the trial court committed prejudicial error in refusing to question prospective jurors on voir dire about whether any of them were stockholders or engaged in the insurance business. After noting that the matter of the scope and extent of voir dire rests in the sound discretion of the trial court, id. at 144, this court held that there had been no abuse of discretion in the conduct of the voir dire, id. We specifically rejected the Third Circuit's requirement in Kiernan v. Van Schaik, 347 F.2d 775 (3d Cir. 1965), that questions be asked of venirepersons regarding their ties to the insurance industry. This court viewed that stance as too intrusive on the discretion granted the trial court in matters of voir dire and contrary to this court's position in Smedra v. Stanek, 187 F.2d 892 (10th Cir. 1951). See Hinkle, 388 F.2d at 144. A decision to require federal courts in Utah to adhere to the

dictates of Barrett and similar cases regarding tort reform would similarly deprive the federal courts of their allotted discretion. See Perry, 489 F.2d at 1352 (refusing to allow counsel to question veniremen, as required by the state constitution, stating that Rule 47(a) "preserve[s] the trial court's discretion as to who should conduct [voir dire]").

Having established that the district court was not required to comply with Utah law in the matter of tort reform voir dire, we now must determine whether the district court abused its discretion in the manner in which it did conduct the voir dire. See Hinkle, 388 F.2d at 144 (discretion subject to reversal if not conducted fairly).

Instead of asking the questions propounded by plaintiff here, the district court asked the following questions:

> Do any of you feel any prejudice against a plaintiff, such as Ms. Smith, coming to court seeking money damages?
>
> Do you realize that this is the only method we have under the laws of the United States of being compensated if we believe that there has been some sort of damage or wrong?
>
> Do any of you have any prejudice about a plaintiff coming to court seeking money damages?

Appellant's App. at 81-82. This line of questions was adequate to reveal the seeds of potential tort reform bias and to alert plaintiff's counsel to the possible need to exercise a preemptory challenge. The court's refusal to ask the specific

questions requested by plaintiff was not an abuse of discretion.  See United States v. Polk, 550 F.2d 1265, 1267 (10th Cir. 1977); United States v. $94,000.00 in U.S. Currency, 2 F.3d 778, 788 (7th Cir. 1993).

Alternatively, because the court did not completely deny plaintiff the opportunity to ferret out possible tort reform bias but merely restricted the amount and scope of the questions asked, plaintiff is required to show that she was prejudiced by the court's actions.  See Smedra, 187 F.2d at 895 (requiring that there be a showing in the record that any juror knew of the involvement of an insurance company in the tort suit).  Plaintiff's speculation that the jury's refusal to award damages after finding a reckless and wanton invasion of privacy was the result of tort reform bias falls too wide of the mark to demonstrate the required prejudice as a result of inadequate voir dire.

The motion of Amicus Curiae Utah Trial Lawyers Association for leave to file an appendix is DENIED.  The judgment of the United States District Court for the District of Utah is AFFIRMED.