F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAY 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LOWELL FLAMING;
TERESA FLAMING,

      Plaintiffs-Appellants,

v.

COLORADO SPRINGS PROPERTIES
FUNDS I, doing business as Apollo
Village Apartments, Ltd., a California
limited partnership; MERRILL R.
NEWTON; DARRYL MILLER,

      Defendants-Appellees.

No. 03-1079
(D.C. No. 99-B-942 (CBS))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **ANDERSON** , and **BRISCOE** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Lowell and Teresa Flaming appeal from a jury verdict in favor of defendants, Colorado Springs Properties Fund I, d/b/a Apollo Village Apartments, Merrill Newton, and Darryl Miller, in their personal injury action. Jurisdiction in the district court was based on diversity of citizenship under 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## Background

The Flamings leased an apartment in the Apollo Village apartment complex. Mr. Flaming alleged that he slipped in the shower and fell, cutting his left arm on broken glass in the splashguard surrounding the shower, and suffering permanent nerve damage. Plaintiffs alleged the glass had been broken for several months, that they had reported the problem to defendants, but defendants failed to repair the splashguard. Defendants denied any knowledge of the broken glass. Following a trial, the jury found the defendants were not negligent.

## Voir Dire

On appeal, plaintiffs first argue that the district court dismissed a potential juror for cause without giving them the opportunity to supplement the voir dire questioning in order to rehabilitate the juror. They contend the district court violated a Colorado rule that requires the court to permit the parties or their counsel to ask the prospective jurors additional questions to supplement the court's voir dire. *See* Colo. R. Civ. P. 47(a)(3); *see also People v. Lefebre*, 5 P.3d

295, 301 (Colo. 2000) (en banc) (interpreting similar requirement under Colo. R. Civ. P. 24(a)(3)). Plaintiffs claim that there was insufficient evidence of bias to strike this potential juror for cause, and that doing so effectively allowed defendants an extra peremptory challenge. Further, they contend the district court made more effort to rehabilitate jurors who had been landlords than those who had been renters, thereby improperly shaping the jury. Plaintiffs contend these errors violated their due process right to an impartial jury.

During voir dire, the court asked the jurors generally if they had any experiences with respect to renting that would cause them to favor one party in the case over the other. Venireperson Allen told the court that she had previously rented from landlords who did not make repairs she believed they should have. The court asked Allen if she would have difficulty deciding this case on its own merits, and she responded, "I sure hope not." Aplt. App., Appendix 1, at 17. The court asked Allen if a claim were to be made against her as a landlord, would she want someone sitting on the jury with the frame of mind that she now had, and Allen responded, "Probably not." *Id*. at 20. The court then sua sponte excused her for cause. Significantly, plaintiffs' counsel did not ask the court if he or the court could question Allen further in an attempt to rehabilitate her; did not raise his Colo. R. Civ. P. 47(a)(3) concern to the court; did not object to Allen's

-3-

dismissal; and did not object in any way, at any time, to the court's conduct of the voir dire or the composition of the jury.

Plaintiffs' claimed voir dire errors are based on the erroneous legal premise that Colorado's procedural rule applies. In a diversity case, the court applies the substantive law of the forum state, Colorado, in analyzing the underlying claim, but applies federal law to procedural issues. *See Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1145 (10th Cir. 2003). The content of voir dire in a federal court is a procedural issue, governed by federal law, specifically Fed. R. Civ. P. 47(a), and is not controlled by any contrary state law. *Smith v. Vicorp, Inc.*, 107 F.3d 816, 818 (10th Cir. 1997). The federal trial judge retains broad discretion under Rule 47(a) to control the scope and extent of voir dire. *Id*. at 817.

Contrary to Colorado's procedural rule, the federal trial court is not obligated under Rule 47(a) to permit counsel to ask additional questions; Rule 47(a) states that the court "shall permit the parties or their attorneys to supplement the [voir dire] examination by such further inquiry *as it deems proper*." *Id*. (emphasis added); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2482, at 113 (2d ed. 1995) ("[t]he court need not allow the attorneys to question jurors if it does not wish to do so."). Thus, the district court was under no obligation to follow Colorado's procedural rule mandating that attorneys be given an opportunity to question potential jurors.

*See Vicorp*, 107 F.3d at 817-18 (rejecting argument that court was required to ask specific questions requested by counsel and required under state procedural rules).

Furthermore, plaintiffs never presented any of their voir dire arguments to the district court. Their failure to request any further questioning of Allen, either by counsel or the court, or to raise any objection either to Allen's dismissal or to the conduct of the voir dire constitutes a waiver of these issues on appeal. *Cf. United States v. Diaz-Albertini*, 772 F.2d 654, 657 (10th Cir. 1985) (holding that, when basis for juror challenge is timely shown, failure to object constitutes waiver of right to attack jury composition). "[A]ttorneys may not sit idly by, observe the occurrence of error, and then fail to bring the matter promptly to the attention of the trial court." *Id.* If plaintiffs' counsel believed that Allen could be rehabilitated by additional questioning or that any aspect of the court's voir dire examination was inappropriate, he was free to raise these concerns with the court.

We find no error under a plain error analysis, which is limited in civil cases to "errors which seriously affect the fairness, integrity or public reputation of judicial proceedings." *Quigley v. Rosenthal*, 327 F.3d 1044, 1063 (10th Cir. 2003) (quotation omitted), *cert. denied*, 124 S. Ct. 1507 (2004). Allen's remarks evidenced a clear indication that she doubted her own ability to be open-minded,

which is a sufficient basis to remove a juror for cause. *See Staley v. Bridgestone/Firestone, Inc.*, 106 F.3d 1504, 1514 (10th Cir. 1997). We are satisfied from our review of the entire voir dire that the court's questioning of all the potential jurors was impartial and even-handed, and we find nothing in the record to suggest that the jury impaneled was not impartial. *See Getter v. Wal-Mart Stores, Inc.*, 66 F.3d 1119, 1123 (10th Cir. 1995) (finding party's right to an impartial jury not infringed, despite erroneous denial of for-cause challenge, so long as the jury that sits is impartial). In short, we find no error in the court's conduct of the voir dire.

Rebuttal Witness

Plaintiffs next allege that the district court improperly disallowed the telephonic testimony of a rebuttal witness. The district court's refusal to allow rebuttal testimony is reviewed for an abuse of discretion and will not be disturbed absent a showing of manifest injustice to the parties. *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1168 (10th Cir. 2000).

An expert witness called by defendants, Ms. Stodola, testified that the glass in the splashguard was tempered glass. Ms. Stodola opined that tempered glass could not have broken the way plaintiffs allege, nor caused the injuries suffered by Mr. Flaming. At the conclusion of this testimony, plaintiffs requested permission to call a rebuttal witness the next day who would testify about

-6-

a reenactment of the incident she performed prior to the testing done by Ms. Stodola. The district court granted this request, but the next day plaintiffs stated that their rebuttal witness was unable to appear in person. The court denied plaintiffs' request to present the rebuttal testimony to the jury over the telephone.

In their claim of error, plaintiffs make two unsupported assertions. First, plaintiffs state that their rebuttal witness was expected to testify that the glass she tested during her reenactment was not tempered glass, and that the original glass was destroyed after her reenactment and replaced with tempered glass. *See* Aplt. Opening Br., at 3, 15. Plaintiffs did not, however, make this proffer to the district court, nor is there any indication in the pre-trial report of any such expected or possible testimony. [1]

Second, plaintiffs state they were "completely surprised" by Ms. Stodola's testimony. Plaintiffs go so far as to characterize her testimony as a "fraud." *Id*.

---

[1] When asked the subject of the proposed rebuttal testimony, plaintiffs' counsel stated,

> there actually was a reenactment of the breakage of the shower door on November 12, 1998 where that door in the front was busted out and a test to see how the glass would break and fall to the floor. And a Jan Colvin was present for that test, and I'm going to call her to ask her if that reenactment of that front glass did take place, and that's the only question I had.

Aplt. App., Appendix 7, at 3. Counsel never told the district court that the rebuttal witness would testify the glass she tested was untempered glass, that the original glass was destroyed, or that it was replaced by tempered glass.

at 16. The record demonstrates no such surprise or fraud, however. Plaintiffs do not assert now, nor did they ever assert in the district court, that any aspect of Ms. Stodola's testimony was not disclosed in her expert disclosure report provided to them under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiffs did not include Ms. Stodola's Rule 26 disclosure report in the record on appeal. The pre-trial report lists Ms. Stodola as an expert witness who would testify as to the opinions expressed in her Rule 26 disclosure report, and the defendants stated in their opening argument that they would present expert testimony that the glass was tempered. Thus, plaintiffs present no legal argument nor evidentiary support for their claim of unfair surprise. Because plaintiffs made no showing to the district court that they sought to rebut evidence that they could not have reasonably anticipated, the district court was within its discretion to disallow the rebuttal testimony on this basis alone. *See Comcoa, Inc. v. NEC Tel., Inc.*, 931 F.2d 655, 664 (10th Cir. 1991).

Additionally, the presentation of testimony in court by "contemporaneous transmission from a different location" is permitted in federal court only for "good cause shown in compelling circumstances and upon appropriate safeguards." Fed. R. Civ. P. 43(a). Plaintiffs made no such showing in this case, and the district court acted well within its discretion in disallowing the telephonic testimony of the plaintiffs' rebuttal witness.

Jury Instruction

Finally, plaintiffs contend the district court erred in not amending the civil jury instruction defining causation. Plaintiffs contend the district court gave the standard Colorado civil jury instruction defining causation:

> The word "cause" as used in these instructions means an act or failure to act which in natural and probable sequence produced the claimed injury. It is a cause without which the claimed injury would not have occurred.

Aplt. Opening Br. at 18.

Plaintiffs argue the instruction is "overbroad, tenuous and confusing," because any action could be "a cause without which the claimed injury would not have occurred." Aplt. Opening Br. at 18. They assert that the jury could "go back in time, as far as they deem fit, to find a cause, whether [or not] it is relevant to the matter at hand." *Id*. Plaintiffs focus only on the last sentence of this instruction, however. When read in context with the first sentence of the instruction, it is clear the instruction requires that the injury be a natural and probable result of the act in question, and that the instruction accurately informs the jury of the governing law. *See Quigley*, 327 F.3d at 1062 (court reviews de novo whether the instructions, as a whole, accurately stated the governing law); *see also Hall v. Walter*, 969 P.2d 224, 238 n.12 (Colo. 1998) (defining causation under Colorado law). Thus, we find no error in the given instruction.

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge